# Montgomery Traction Co. *v.* Haygood.

*Action for Damages for Injury to Passenger.*

(Decided July 2, 1907.   44 South. 560.)

1. *Appeal; Review; Scope, New Trial.*—An instruction in writing refused on the original trial, which is not made one of the grounds for motion for a new trial cannot be considered on appeal, where the bill of exceptions can be considered only for the purpose of reviewing the action of the court on motion for a new trial.

2. *Same; Conclusiveness of Finding of Facts.*—Where the testimony is in conflict, the credibility of the witnesses and the finding of the facts is a matter for the jury and this court will not disturb their finding and the judgment of the court thereon on refusal of the court to grant a new trial.

3. *Same; Review; Presumption.*—The trial judge having heard the testimony and being in better position to judge of the credibility of the witness than the appellate court, his action in refusing to grant a new trial strengthens the presumption indulged in favor of the correctness of the verdict.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Action by W. E. Haygood, a passenger, against the Montgomery Traction Company for injuries received while attempting to alight from one of its cars. From a judgment for plaintiff, defendant appeals. Affirmed.

The trial was had on Feb. 14th, and judgment entered as of that date. On March 13th next, the court extended the time for the signing of the bill of exceptions to and

[Montgomery Traction Co. v. Haygood.]

including March 30th, 1907. On April 1st, by agreement of the attorneys the time for signing was extended and the bill was signed within the last extension. However, the bill was signed within thirty days after the action of the court on the motion for new trial.

RUSHTON & COLEMAN, for appellant. In cases where the evidence is equally balanced, the verdict of the jury should be against the party on whom rests the burden of proof.—*Vandeventer v. Ford*, 60 Ala. 610; *Wheeler v. McGuire*, 86 Ala. 406; *Birmingham U. Ry. Co. v. Hale & Co.*, 90 Ala. 12; *Montgomery v. Crosswaithe*, 90 Ala. 574; *Behrman v. Newton*, 103 Ala. 531; *N. C. & St. L. Ry. Co. v. Hammond*, 104 Ala. 201; *Turrentine v. Griggsby*, 118 Ala. 380; *Pullman Palace Car Co. v. Adams*, 120 Ala. 24. If, after allowing all reasonable presumptions of the correctness of the verdict, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it was wrong and unjust the judgment refusing the new trial should be reversed.—*Cobb v. Malone*, 92 Ala. 330; *Mary Lee C. & R. R. Co. v. Chambliss*, 97 Ala. 188; *Shepard v. Dowling*, 103 Ala. 566; *Bir. Elec. Ry. Co. v. Clay*, 108 Ala. 236; *Davis v. Miller*, 109 Ala. 600; *Teague, et al. v. Bass*, 131 Ala. 422.

HILL, HILL & WHITING, for appellee. After the time for filing bills of exception has expired the attorneys have no right by agreement to extend the time.—*Ross Furnace Co. v. Glasscock*, 86 Ala. 244; *Rosson v. The State*, 92 Ala. 76; *Richter v. Koopman*, 131 Ala. 400; Acts 1900-01, p. 830. It follows that the charge requested, not having been made a ground of motion for new trial cannot be considered. The court properly refused to grant motion for a new trial.—*Tenn. C. I. &*

*R. R. Co. v. Stephens,* 115 Ala. 451; *L. & N. R. R. Co v. Bernheim,* 113 Ala. 489.

TYSON, C. J.—The bill of exceptions can only be considered for the purpose of reviewing the motion for a new trial.—*Montgomery Traction Co. v. Bozeman,* 152 Ala. 145, 44 South. 599. The assignments of error are two. The first is predicated upon the refusal of the court to give a written charge requested by the defendant. The ruling of the court in this respect, not being one of the grounds of the motion for a new trial, cannot be considered.—*Geter v. Central Coal Co.,* 149 Ala. 578, 43 South. 367.

The second assignment is based on the refusal of the court to grant a new trial. While this motion contains a number of grounds, only one is insisted on; and that is: The verdict was contrary to the evidence. There was a conflict in the testimony, and the credibility of the witnesses was for the determination of the jury. The trial judge also heard the witnesses' testimony and saw their demeanor on the stand, and therefore, to this extent, had a better opportunity than we have to judge of their credibility. He denied the motion, thereby strengthening the presumption in favor of the correctness of the verdict. After a review of the evidence we are unwilling to affirm that his ruling was erroneous.

Affirmed.

HARALSON, ANDERSON, and DENSON, JJ., concur.