(77 South. 59)

BIRMINGHAM RY., LIGHT & POWER CO. v. FRIEDMAN. (6 Div. 48.)

(Court of Appeals of Alabama. Nov. 13, 1917.)

1. STREET RAILROADS ⬡117(22)—INJURY TO PERSON CROSSING TRACK — CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Whether plaintiff, a pedestrian, was guilty of contributory negligence in attempting to cross the track in front of defendant's approaching street car held a jury question.

2. WITNESSES ⬡329—CROSS-EXAMINATION—IMMATERIAL ISSUES.

In a suit for injuries sustained by plaintiff while crossing the track of defendant street railway, refusal to permit defendant's counsel to ask plaintiff, "Is your memory good?" for the purpose of showing that plaintiff had been injured before and brought suit against a moving picture show, was proper; the answer being immaterial to any issue in the case.

3. STREET RAILROADS ⬡118(12)—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS.

An instruction that, unless the act of plaintiff in attempting to cross the track in front of defendant's approaching street car was negligent, it would not defeat recovery, although it contributed to the injury, was not erroneous.

4. STREET RAILROADS ⬡103(2)—INJURIES TO PERSON CROSSING TRACK — LAST CLEAR CHANCE—INSTRUCTION.

An instruction that, although plaintiff was guilty of contributory negligence, it would not bar recovery if defendant became aware of plaintiff's peril in time to avoid inflicting the injury by the proper use of preventive means at its command, and inadvertently or negligently failed to resort to such means, was proper.

5. STREET RAILROADS ⬡102(2)—INJURIES TO PERSON CROSSING TRACK — CONTRIBUTORY NEGLIGENCE—INSTRUCTION.

An instruction that plaintiff's contributory negligence would not bar recovery unless it caused the injury or proximately contributed thereto, and though such negligence caused a condition on which defendant's negligence operated as the sole proximate cause of the injury it will not prevent recovery, was correct.

Appeal from City Court of Birmingham; C. W. Ferguson, Judge.

Suit by Mrs. L. Friedman against the Birmingham Railway, Light & Power Company for personal injuries alleged to have been sustained while crossing defendant's street railway track. From a judgment for plaintiff, defendant appeals. Affirmed.

Tillman, Bradley & Morrow and T. A. McFarland, all of Birmingham, for appellant. Isadore Shapiro, of Birmingham, for appellee.

SAMFORD, J. The first three assignments of error consist in the overruling of the defendant's motion for a new trial and the refusal of the trial court to give the general affirmative charge in favor of the defendant. There was ample evidence in this case in behalf of the plaintiff which, if believed, authorized the submission of the questions to the jury, and a finding by the jury of a verdict in favor of the plaintiff. That being the case, the trial court will not be put in error for its refusal to grant the motion for a new trial, or for its refusal to give the affirma-

⬡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 220.

tive charge as requested by the defendant. Cobb v. Malone, 92 Ala. 630, 9 South. 738. The fourth assignment of error is not insisted upon by appellant.

[1] The fifth assignment of error consists in the court's refusal to give, at the request of the defendant, the following charge:

"I charge you as a matter of law that the plaintiff was guilty of negligence in attempting to cross defendant's track in front of an approaching car."

This statement may or may not be the law, dependent upon the facts of the given case. The facts in this case are not analogous to the facts in the case of B. R., L. & P. Co. v. Oldham, 141 Ala. 198, 37 South. 452, 3 Ann. Cas. 333. In that case the plaintiff did not, after alighting from his car, make any effort, by looking, listening, or otherwise, to ascertain whether he could go upon the south track with safety, where as in this case the plaintiff saw the defendant's car coming, saw prospective passengers standing near the track at the place where cars usually stopped for taking on and letting off passengers, and undertook to cross defendant's track ahead of the car, which presumably would stop for the passengers. It therefore became a question for the jury to say whether or not the plaintiff was guilty of negligence in attempting to cross the defendant's track under the circumstances detailed in this case. It is true that a pedestrian or a person driving a team is charged with certain duties in crossing streets in cities where there are street cars, automobiles, teams, pedestrians, and the general traffic incident to cities, but, the plaintiff having testified that when she started on the track she saw the car far away and was sure she would make it across the track, that she saw people on the corner, and other evidence tending to show that there were people waiting to take the car, which would ordinarily have stopped to take on passengers, it was a question for the jury to pass upon the negligence of the plaintiff in this case.

The foregoing disposes of the seventh assignment of error, which consists in the giving of a charge at the request of the plaintiff in the following words:

"I charge you, gentlemen of the jury, that it is not negligence as a matter of law for a person to attempt to cross the street when a car is approaching."

This as an abstract proposition is not correct, but as applied to the facts in this case, while misleading, is not unsound.

[2] The sixth assignment of error is to the action of the court in refusing to permit defendant's counsel to ask the plaintiff the question, "Is your memory good?" at which time defendant's counsel stated that he expected the answer to show that the plaintiff had been injured before and had brought suit against a moving picture show to recover money. This answer would have been immaterial to any issue in this case, and therefore the question was not proper, and the court did not commit error in sustaining the objection to it.

[3] The eighth assignment of error is based upon the giving of the following charge at the request of the plaintiff, to wit:

"I charge you, gentlemen of the jury, that even though you find from the evidence in this case that an act of the plaintiff contributed to her injury, yet, if you find that such act was not negligence, such act would not defeat the recovery."

The giving of this charge simply says to the jury that, if the plaintiff was not negligent, they could not find against her on the plea of contributory negligence, and was without error.

[4, 5] The ninth and tenth assignments of error are to the action of the court in giving the following charges:

"I charge you, gentlemen of the jury, that even if you find from the evidence in this case that the plaintiff was guilty of contributory negligence, yet if you further find from the evidence that defendant became aware of plaintiff's peril in time to avoid inflicting the injury by the proper use of preventive means at its command, yet inadvertently or negligently failed to resort to such means, the plaintiff is entitled to recover," and "I charge you, gentlemen of the jury, that contributory negligence by the plaintiff in this case which will bar her recovery must be such as that it caused the injury complained of or proximately contributed thereto, and even though you find from the evidence that the negligence of the plaintiff, if there was such negligence, was merely the cause of a condition upon which the negligence of the defendant or its employés in failing to use the means within their power to avoid the injury after becoming aware of the plaintiff's peril, operated as the sole proximate cause of the injury complained of, such negligence on the part of the plaintiff, if you find that there was such negligence, will not prevent a recovery."

The giving of these charges was without error, and the principles announced are sustained in the case of Memphis & Charleston R. R. Co. v. Martin, 131 Ala. 269, 30 South. 827.

We find no error in the record, and the judgment of the trial court is affirmed.

Affirmed.