(124 So. 739)

**BAKER v. ELEBASH. (2 Div. 951.)**

Supreme Court of Alabama.   Nov. 21, 1929.

Hobbs, Craig & Brown, of Selma, for appellee.

See, also, Baker v. Rainer, post, p. 207, 124 So. 737, and Baker v. Baker, post, p. 201, 124 So. 740.

ANDERSON, C. J.   It is true that the only count of the complaint which went to the jury charged that the plaintiff was a guest of the defendant, and it is insisted that this was not proven.   It may be that the express invitation to the plaintiff, just before or at the time of starting on the trip, was from the daughter of the defendant, and that said daughter was at the wheel when they stopped to get the plaintiff, but the evidence fully warranted an inference of an implied invitation from the defendant, and that the plaintiff was her guest as well as that of the daughter.   The defendant, her daughter, and the plaintiff had planned the trip several weeks in advance, and the plaintiff had been invited or requested by them to go along. The defendant owned the car, her daughter

was a member of the family, and it was unquestionably a joint trip, and the defendant was no doubt the dominant member of the party and took charge of the car shortly after leaving Selma and long before the accident occurred. The general charge was properly refused the defendant upon this theory of the case.

It is, of course, elementary law that the defendant was not an insurer, as against latent defects in the car or road, and that, in order for the plaintiff to recover, she must have established negligence on the part of the defendant in and about the handling of the automobile and which proximately caused her injury, and the defendant contends that no such negligence was shown. We think that the trial court was justified in submitting the question of negligence vel non to the jury upon two theories:

First, while the plaintiff's evidence, as a witness, exonerated the defendant of any negligence prior to reaching the point of the accident, it afforded an inference of negligence on the part of the defendant after the car first swerved and which may have caused the injury. The plaintiff testified as to expert knowledge in handling motor cars, and, while admitting that the car was properly handled until reaching the point of the accident, detailed what occurred after the car first swerved, and from which the jury could infer negligence. In other words, the jury could have inferred from the facts so detailed that, while the defendant resorted to the proper method of handling the car after the emergency arose, she turned the wheel to the right in too sudden a manner, and her negligence in this respect was a question for the jury notwithstanding an emergency or sudden peril. Woodward Co. v. Andrews, 114 Ala. 243, 21 So. 440.

Another theory upon which the court properly submitted the question of the negligence of the defendant is that the defendant may have properly handled the car just previous to the accident, as shown by the statement of' the plaintiff when a witness, the witness Rudolph, showed that the accident occurred at or near a curve in the road and when meeting another car, and that the defendant's car was going at the rate of 60 miles an hour. It was therefore a question for the jury as to whether or not ordinary prudence did not require a slacking or reduction of speed under these conditions.

Nor was the defendant, as matter of law, entitled to the general charge because of the contributory negligence of the plaintiff. There was nothing to indicate that the plaintiff knew of the improper turning of the wheel by the defendant in time to prevent it or to protest, or that she was aware of meeting the other car, or of the approach to the curve in time to warn the defendant and to protest against the rate of speed at that particular time and place.

We do not think the trial court erred in permitting the plaintiff to testify as to her ability to play the piano before and after the injury. True, she did not claim damages for the loss of earnings as a musician or music teacher, but she did claim that her hand was injured, and whether she could or could not use it for certain purposes went to the extent and character of the injury. It could as well be contended that she could not show that she could not fasten her shoes or dress or use her knife or fork with said injured hand.

While the plaintiff lost no limb or sustained no broken bones, the evidence shows that she was severely cut and bruised and suffered a severe shock, that a piece of glass went entirely through the palm of her hand, and, while there has not been a total loss of the use of same, she has sustained a permanent partial injury thereto and is liable to continue to suffer pain and annoyance from same. We cannot therefore hold that the verdict of the jury was so excessive as to place the trial court in error for refusing defendant's motion for a new trial.

The judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.