(134 So. 807)

**HARRIS v. SNIDER.**

5 Div. 80.

Supreme Court of Alabama.

May 21, 1931.

Powell & Powell, of Tuskegee, and S. F. Hobbs, of Selma, for appellee.

Denson & Denson and Jacob A. Walker, all of Opelika, for appellant.

**BOULDIN, J.**

The suit was for personal injuries received in an automobile accident.

While preparing to strike the jury, plaintiff requested the court to qualify the jurors as to whether they were stockholders or employees of Maryland Casualty Company, or interested in said company. Defendant interposed objection, upon the ground that such qualification was improper, immaterial, and prejudicial. Thereupon the court stated: "I assume that there was insurance with this company"; then overruled the objection, and proceeded to so qualify the jurors. The request of plaintiff was in effect a motion invoking the action of the court.

■ The presence of a party in interest, though not of record, gives the opposite party the unquestionable right to have the juror qualified as to any interest on his part growing out of that situation. Automobile indemnity insurance against legal liability for injuries caused in their operation is a lawful business; may be said to be a favored business, affording needed protection to the injured as well as the insured under present day conditions. The right of the insurer to defend in the name of the insured defendant is recognized by law.

The only legitimate inquiry is legal liability vel non as between the parties to the accident. This court, in line with the jurisprudence of the country, condemns every effort to divert the issues from the true inquiry, and thus win from juries verdicts which would not be rendered between the parties before the court, imposing upon insurers burdens they have not assumed in their contracts, and tending in the end to increase insurance rates. With the rights of all parties in mind, this court has had occasion to consider with care the best procedure in such cases. When a motion is made to so qualify the jury, it must be regarded as made on the bona fide belief of responsible counsel that there is occasion to make such inquiry.

If there be no indemnity insurance, a matter directly within the knowledge of defendant and counsel appearing for him, this fact should be promptly declared. An issue, thus presented, may be heard by the court upon evidence adduced by the parties. If there be no denial of indemnity insurance, no issue of fact thus presented, we have approved the practice of giving the incident as little prominence as may be; and this by proceeding to qualify the jury and enter upon the trial of the merits of the cause.

We construe the suggestion of the trial court in this case, as intended to invite a denial, if no insurer was involved. Upon defendant keeping silent, an entirely proper course where no denial can be made, the trial court was without error in proceeding to qualify the jury as requested. If no objection to the motion had been interposed at all, it would have probably been the better course for the court to make no such suggestion.

These observations are to elaborate somewhat our former announcements. Beatty v. Palmer, 196 Ala. 67, 71 So. 422; Citizens', etc., Co. v. Lee, 182 Ala. 561, 62 So. 199; Gammill v. Culverhouse, 217 Ala. 65, 114 So. 800.

■ The complaint, alleging plaintiff was a "guest" of defendant in the car owned and driven by him, was not demurrable because stating the mere conclusion of the pleader. "Guest" is descriptive of a relationship known to the common understanding. Louisville & N. R. Co. v. Jones, 83 Ala. 377, 3 So. 902; Armstrong v. Montgomery St. Ry. Co., 123 Ala. 233, 244, 26 So. 349; Baker v. Elebash, 220 Ala. 198, 124 So. 739; Wurtzburger v. Oglesby, 222 Ala. 151, 131 So. 9.

Special plea No. 3, a plea of contributory negligence, does not allege that the plaintiff, a passenger guest, had reason to believe the defendant driver did not know he was approaching the curve or would not discover same and slow down so as to safely turn the curve in the road.

Under plea No. 8, which went to the jury, the defendant had the benefit of any contributory negligence properly attributable to plaintiff for failure to give warning of near approach to the curve and bridge.

Under special pleas 4 and 5, defendant had the benefit of the defense sought to be set up in pleas 6 and 7. Whether termed "assumption of risk" or "contributory negligence" in

going on the trip with defendant in view of his known driving habits, or in continuing in the car after becoming aware of the danger, is not important. The evidence was all freely admitted on the issue and submitted to the jury under appropriate instructions. The evidence on this issue, conceding there was evidence tending to support the pleas, presented a jury question. McGeever v. O'Byrne, 203 Ala. 266, 82 So. 508.

Plaintiff is a young woman, some 22 years of age at the time of the injury. One of the injuries for which damages were claimed, indeed, the major injury visible at the time of the trial, was the disfiguring effect of injuries to the face.

Evidence tended to show a lacerated wound, described by the physician and surgeon as "a very ragged cut in the lower lip, going from one corner of the lip down about an inch almost and running nearly up to the top of the upper lip, extending through the cheek. * * * The bottom lip was cut through to the bone. * * * Those wounds have left scars on plaintiff's upper lip, lower lip, left cheek and chin; they will be permanent." On inspection of the scars and pointing out same to the jury, the witness testified that the wound on the upper lip went completely through also, directed attention to a red line on the lower lip, and to a scar about an inch long above the left eyebrow, the result of a wound received in the accident.

▇ The plaintiff offered in evidence her photograph taken before the accident, showing a full front view of the face. On cross-examination it was developed that the photograph had been tinted and touched up by the artist. Motion was then made to exclude the photograph, because not a true likeness disclosed by scientifically accurate processes.

Stress is laid in argument upon the fact that this photograph, thus finished up to give emphasis to the beauty of face, when contrasted with the face appearing without artificial coloring, at the trial, was misleading, and calculated to work injury to defendant. Certainly the photograph would aid the jury in determining the extent to which the face had been disfigured. The artificial coloring, made known to the jury as such, and not claimed to have been added after the accident for purposes of the trial, furnished no sufficient ground to exclude the photograph.

The case of Birmingham Baptist Hospital v. Blackwell, 221 Ala. 225, 128 So. 389, presented a different question. That case, on the whole, is authority for, rather than against, the ruling here.

▇ The evidence of negligence of defendant in driving at night at a speed of some fifty miles per hour on approaching a short curve at a rather narrow bridge, so that the car left the road at a tangent and plunged into the bed of the creek, clearly supports a verdict for plaintiff.

The question of contributory negligence of plaintiff presented in the pleadings and proof was also for the jury. There is no good reason to disturb their verdict on this phase of the case.

▇ Excessiveness of the verdict as a ground for new trial is stressed on this appeal. It appears plaintiff was actually confined from her injuries for only a few days.

There is evidence of another scar from a cut on the shoulder, also of contusions, especially one on the back, from which plaintiff testified she still suffered pain. Evidence of shock, with resultant nervous condition, appears. The jury and trial court were in better position to weigh this evidence. They had the advantage of viewing the scars.

All questions of sympathy aside, the grave injury to a young woman from such disfiguring scars as the evidence indicates is manifest. We need not enlarge upon this.

We have carefully considered the question raised on quantum of damages. Under well-known rules governing review of the verdict of the jury, sustained by the trial judge, we are unwilling to say the verdict for $5,000 was palpably and plainly excessive.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.