143 So. 803

### FAULKNER v. GILCHRIST.

#### 3 Div. 18.

Supreme Court of Alabama.

Oct. 6, 1932.

W. O. Mulkey, of Geneva, and Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellee.

Rushton, Crenshaw & Rushton and Weil, Stakely & Cater, all of Montgomery, for appellant.

## 394

GARDNER, J.

The suit is under the homicide statute (Code 1923, § 5696) for the death of plaintiff's intestate (Frank Gilchrist) caused by collision of his car with that of defendant. There was judgment for plaintiff, and defendant appeals.

■ We consider the assignments of error in the order of their presentation in brief. It is not questioned that under our decisions (Cooper v. Auman, 219 Ala. 336, 122 So. 351; Duke v. Gaines, 224 Ala. 519, 140 So. 600; Harris v. Snider, 223 Ala. 94, 134 So. 807; Citizens' L., H. & P. Co. v. Lee, 182 Ala. 561, 62 So. 199), as well as the authorities generally (Notes 56 A. L. R. 1462, 74 A. L. R. 860) the plaintiff was legally justified in a request for the qualification of the jury, and we are not persuaded prejudicial error intervened in the remark of the court (subsequently withdrawn) in making a correction in the name of the insurance carrier. The words "that is the insurance company," following the name New Amsterdam Casualty Company, added nothing to the information of the jury. One form of insurance is well known to be "casualty insurance" (Funk-Wagnalls' New Standard Dictionary, page 1274), and considered in the light of the jury's common sense and every day observation and experience, the very name itself indicated that it was an insurance company; and we are not convinced that this inadvertent expression by the court resulted in any more harm to defendant than would the qualification of the jury as to the insurance carrier called by its proper name. Harris v. Snider, supra; Cooper v. Auman, supra.

The weight of the evidence tended to show that Gilchrist was under the influence of intoxicants at the time of the accident, and, that, therefore, his driving his car on the highway under these circumstances was violative of law (Acts 1927, p. 365, § 48), and constituted negligence on his part. Defendant's theory was that Gilchrist was intoxicated and driving in a "zigzag" fashion on the highway, and when it appeared he was going to drive into him he "pulled to the left" threw his "car to the left and tried to go in front of him," and insisted there was no other course open unless he went in a ditch. The paved road was twenty feet wide with dirt shoulders three or four feet wide safe for travel on either side and then a ditch two or three feet deep.

Plaintiff's evidence was also to the effect that, a few feet from the point of collision, the old graveled road intersected the paved highway on defendant's right and was available for use, but defendant insists he did not see or notice this road, and never had his attention directed thereto. Plaintiff's case largely rested therefore (though not entirely so) upon the theory of subsequent negligence and wantonness.

■ Appellant insists reversible error was committed in giving for plaintiff charges 1, 2, and 3. It is argued that charge 3 assumes defendant's negligence, which was a jury question (White Swan Laundry Co. v. Wehrhan, 202 Ala. 87, 79 So. 479), and likewise assumes the peril of plaintiff's intestate and defendant's knowledge thereof. 45 Corpus Juris 713. But we are not in accord with this interpretation of the charge. It was addressed to the question of contributory negligence and its effect on plaintiff's right of recovery. It stated an abstract proposition of law without applying it to the facts (Karpeles v. City Ice Co., 198 Ala. 449, 73 So. 642; Anthony v. Seed, 146 Ala. 193, 40 So. 577; Branson's Instructions to Juries [2d Ed.] p. 25), and the word "if" in the charge serves to qualify all that follows. And it is argued that all the charges place too great a burden on defendant in that they make it imperative that defendant use all preventive means at his command to avoid the injury after the discovery of the peril, while the degree of care to be observed by defendant was that care a reasonably prudent man would exercise under like circumstances, or, to state it differently, what an ordinarily prudent person would have done under the same or similar circumstances to avoid the injury. White Swan Laundry Co. v. Wehrhan, 202 Ala. 87, 79 So. 479; Brown v. Bush, 220 Ala. 130, 124 So. 300; Norwood Transp. Co. v. Bickell, 207 Ala. 232, 92 So. 464; Cooper v. Agee, 222 Ala. 334, 132 So. 173; Mobile L. & R. R. Co. v. Forcheimer, 221 Ala. 139, 127 So. 825; Karpeles v. City Ice Delivery Co., 198 Ala. 449, 73 So. 642; Gothard v. A. G. S. R. Co., 67 Ala. 114; 44 Corpus Juris 992.

■ We are not in disagreement with counsel for appellant as to the degree of care required, but only with the proper construction of these charges. They do not require of defendant that he use all preventive means at his command, but only hold him to liability in the event he negligently fails to use such means. The basis of these charges in this regard is defendant's negligence in failing to use the proper preventive means at his command. Aware of the peril he should make such observation as an ordinarily prudent person under like circumstances would make to discover preventive means, or seeing a method of prevention he should exercise such care to avail himself thereof as an ordinarily prudent person under similar circumstances would do. And failing in these respects, he would be guilty of negligence. The charges do not attempt to define the negligence, but they do assert that the failure to use proper means of prevention must be a negligent failure. So, as argued by counsel, one placed in a position of sudden peril, with-

out time for the exercise of mature and sound judgment is not by the law held to the usual rule of accountability (45 Corpus Juris 713), but this is but another way of arguing that he was guilty of no negligence in that respect. And upon that question the jury could not have been misled as the trial court gave numerous charges at defendant's request embodying that principle of law.

■ Nor are the charges subject to criticism for failure to negative intestate's freedom from negligence after he became conscious of his own danger, or negative such consciousness. This was defensive matter, the burden of proof of which was on defendant (Southern Rwy. Co. v. Stewart, 153 Ala. 133, 45 So. 51; Birmingham R. L. & P. Co. v. Ætna Accident & Liability Co., 184 Ala. 601, 64 So. 44), and no such proof was offered. This criticism therefore deals in the abstract. These charges are patterned after those approved by the Court of Appeals in Birmingham R., L. & P. Co. v. Friedman, 16 Ala. App. 221, 77 So. 59, and which appear to be sustained by the language of the cases of Memphis & Chattanooga R. R. Co. v. Martin, 131 Ala. 269, 30 So. 827, and Southern Express Co. v. Roseman, 206 Ala. 681, 91 So. 612. The court committed no reversible error in giving these charges.

Some of plaintiff's evidence (with particular reference to her witness Jake Chesnutt) tended to show that intestate's car was being driven on this occasion in a prudent manner, at a moderate speed, and on the proper side of the road, when defendant, traveling at a good speed, with a much heavier car, pulled to intestate's side of the road directly in front of him and struck the smaller car with such force as to knock it back fifty-one feet in the direction from which it had been coming. Intestate's approaching car was in defendant's view for two hundred yards before the collision and defendant states that at first "it looked like anybody's else's car coming," though "it looked sort of waving," and he blew his horn; that he noticed intestate appeared to be "headed" into him, and his "body swaying from side to side * * * and wild looking"; that defendant was on his proper side of the road and intestate was a hundred feet or fifty yards when he first saw intestate was headed toward him and interfering with his course of travel; that he then suddenly pulled his car to the left, defendant saying: "I turned over to the left side when I saw he was bound to come into me, a space of about fifty or sixty feet. That is the way it looked to me. Then it was I turned to my left."

■ It appears that a few feet from the point of collision the old graveled road intersected with the paved highway, and this road would have offered a safe exit, and that the dirt shoulders three or four feet in width were also safe for travel. But defendant insists, though familiar with this route, he had never noticed and his attention had never been directed to the old graveled road and its intersection with the paved highway. Though defendant was the only eyewitness to the actual collision, yet it appears from the general outline of the evidence as above indicated, that it offered conflicting inferences, and we are persuaded presents a jury question both upon the subsequent negligence and wanton counts. Godfrey v. Vinson, 215 Ala. 166, 110 So. 13; Cannon v. Scarborough, 223 Ala. 674, 137 So. 900; Birmingham Stove & Range Co. v. Vanderford, 217 Ala. 342, 116 So. 334; A. G. S. R. R. Co. v. McWhorter, 156 Ala. 269, 47 So. 84.

■ We are also of the opinion the ruling of the court as to the evidence sought to be elicited by the witness Grover was justified, and within the influence of James v. State, 193 Ala. 55, 69 So. 569, Ann. Cas. 1918B, 119, and White v. State, 103 Ala. 72, 16 So. 63, rather than under that of A. G. S. R. R. Co. v. Yarbrough, 83 Ala. 238, 3 So. 447, 3 Am. St. Rep. 715, cited by appellant.

■ It is insisted the verdict is excessive. As is, of course, well understood, damages recoverable in actions of this character are punitive only (Dowling v. Garner, 195 Ala. 493, 70 So. 150), and the measure of recovery is by reference to the quality of the unlawful act and the degree of culpability involved. Parke v. Dennard, 218 Ala. 209, 118 So. 396; Randle v. Birmingham Rwy., Lt. & P. Co., 169 Ala. 314, 53 So. 918; Montgomery Lt. & Water Power Co. v. Thombs, 204 Ala. 678, 87 So. 205.

In considering this question it should not be overlooked that clearly from the proof plaintiff's intestate was intoxicated on this occasion and that this fact adds confirmation to defendant's theory of the case. And while defendant is shown to have had a bottle of liquor in his car at the time, yet it also appears it had never been opened and defendant was entirely sober. Some consideration should be given, therefore, to the fact that the initial fault rested upon the intestate and defendant's evidence as to the apparent imminent peril is not to be too lightly cast aside. As said in Ex parte A. G. S. R. Co., 204 Ala. 504, 86 So. 100, 102: "The standard whereby to measure the legal propriety or freedom from culpability of the conduct or omission of a person subjected to sudden emergency or danger is the same, viz., that a reasonably prudent person, likewise circumstanced and advised, would have taken or observed." See, also, 45 Corpus Juris 712, 713.

■ While it has been a most deplorable accident, yet we are persuaded from a careful review of all the evidence, by the court in consultation, that the verdict is excessive. As the failure of the court to grant the new

trial on account of the excessiveness of the verdict is the only reversible error disclosed by the record, this court, under the authority of section 6150, Code 1923, hereby reduces the verdict to the sum of $12,500, and, if plaintiff remits all amounts in excess of said sum by filing a remittitur with the clerk of this court within thirty days, the judgment of the circuit court will be affirmed; otherwise the judgment will be reversed and the cause remanded. Woolworth v. Erickson, 221 Ala. 5, 127 So. 534.

Affirmed conditionally.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.