147 So. 436

**STATE SAVINGS & LOAN CO. v. STRONG.**

6 Div. 302.

Supreme Court of Alabama.

March 9, 1933.

Rehearing Denied April 20, 1933.

Nesbit, Sadler & Dunn, of Birmingham, for appellant.

Jim Gibson, of Birmingham, for appellee.

ANDERSON, Chief Justice.

The appellant insists that it was entitled to the general affirmative charge because there was no demand for the fund placed with it by the plaintiff and which was a condition precedent to a recovery upon either theory of the case; that is, if the money was turned over to it as a deposit, as the plaintiff claims, or as a purchase of stock, as contended by the defendant. Whether a demand was essential to a recovery we need not decide, for the reason that there was enough evidence before the jury that one was made to justify the refusal of the general charge for the defendant. True, the plaintiff testified that after he made the first demand for a return of his money, Mr. Longshore persuaded him to let it remain and he consented. This would, of course, destroy the force of said demand; but we think there was enough evidence of a second demand to make it a question for the jury. The plaintiff was asked, upon cross-examination: "And since that time, up to the time you brought this suit, as I understand it, you didn't go back and make demand for the money from Mr. Craig did you?" The witness replied: "I didn't until this man and Mr. Craig came to my house to see me about that mortgage." This afforded an inference that a second demand was made. True, the time fixed by the plaintiff did not antedate the bringing of this suit, but Craig,

in his testimony, said that the last conversation he had with plaintiff was during the January prior to the bringing of the suit. Craig did deny that the plaintiff made a written demand on him for the money, but he did not deny an oral demand.

It is next urged that the trial court erred in permitting the plaintiff to testify as to a conversation with Bowen when he left the money and got the passbook, that it tended to contradict the contract between the parties. Of course, we recognize the elementary rule that written contracts cannot be varied or contradicted by oral testimony, but the evidence here tends to show that what the defendant insists was a written agreement was not finally executed—was not an unconditional contract. The book was a mere ex parte statement of the defendant, but it contends that the plaintiff by accepting and retaining same became bound thereby. This might be true had the acceptance and retention been unconditional or unqualified, but the plaintiff had the right to show that his acceptance and retention of the book was through the assurance of defendant's agent, that they had no deposit books on hand, and that the one given was a mere memoranda or receipt and "when we get some deposit books we will change it." This evidence went to the making of a contract and tended to show that his acceptance was conditional and did not offend the rule against changing or contradicting a written contract by parol evidence.

We think that the trial court erred in not granting the new trial because the verdict was excessive. In other words, the defendant should have been credited with the amount of $121.36 paid Pizitz by the defendant for the supplies furnished the plaintiff. There is no question that Bowen, as agent, ordered the supplies for the plaintiff which were charged to the defendant and paid for, and the verdict should have been credited with this sum. True, the plaintiff claims to have paid this claim to Bowen, but we think this contention is contrary to the great weight of the evidence. The account was not paid to Pizitz until Bowen had left the employ of the defendant; plaintiff took no receipt and does not claim to have taken one and in all of his conversations and discussions of these affairs with Craig, made no claim that the Pizitz account had been paid to Bowen. This being the only error committed by the trial court, and relating only to the amount recovered, the defendant is allowed credit for $121.36 with interest from January 16, 1929, to the date of trial, March 3, 1932, making a total of $142.33, and if the plaintiff will file a remittitur in this court within thirty days, the judgment will be affirmed for $116.32 with interest since the trial in the circuit court. If said remittitur

is not so filed, the cause will be reversed and remanded. Section 6150 of the Code of 1923.; Faulkner v. Gilchrist, 225 Ala. 391, 143 So. 803. Appellee to be taxed with cost of the appeal in either event.

Affirmed conditionally.

GARDNER, BOULDIN, and FOSTER, JJ., concur.