98 So.2d 10

W. E. SELF

v.

Robert BAKER.

8 Div. 895.

Supreme Court of Alabama.

Nov. 7, 1957.

**574**

Bell, Morring & Richardson, Huntsville, for appellant.

Griffin, Ford, Caldwell & Ford, Huntsville, for appellee.

MERRILL, Justice.

Appellee sued appellant for $5,000 as damages allegedly resulting from the negligent operation of appellant's milk truck which caused appellee's tractor and trailer "to be thrown or to run off said public road and off the shoulder of said road and

to turn over." Demurrer to the two counts of the complaint, both in simple negligence, was overruled. Appellant pleaded the general issue in short by consent and filed a plea in recoupment. Verdict was for appellee in the amount sued for, judgment was rendered accordingly, a motion for a a new trial was overruled and this appeal was taken.

■ The first assignment of error is the overruling of the demurrer on the ground that "appellee does not allege in his complaint what act or omissions of the appellant, if any, proximately resulted in his injuries alleged." It is sufficient to say that the two counts follow the simple negligence count in Buffalo Rock Co. v. Davis, 228 Ala. 603, 154 So. 556, which was held to be adequate on demurrer. The facts in that case and in the instant case are quite similar. We have repeatedly held that negligence may be averred in general terms, and that the quo modo need not be set out. Brown v. City of Fairhope, 265 Ala. 596, 93 So.2d 419; 15 Ala.Dig., Negligence, ☜111(1). In his reply brief, appellant concedes that the action of the trial court was correct and no longer insists on this assignment.

■ The second assignment of error is that the trial court erred in overruling the motion for a new trial. This presents the question of the sufficiency of the evidence, the contention that appellee's contributory negligence was a bar to recovery, and an alleged comment upon the effect of the evidence to the jury by the trial court.

Neither the appellee· nor the appellant were present when the events giving rise to the suit took place. Appellant's milk truck was being driven by one Vann and there was a helper in the back of the truck handling milk cans. Appellee's tractor and trailer was being driven by one Christian. He was alone; the trailer was loaded with soy beans and the total weight of the vehicle was 60,000 pounds.

· Both vehicles were going east on an east-west road. Vann had stopped to pick up a can of milk at the home of one Carpenter. This stop was about a quarter of a mile west of a T-intersection where a road intersected the east-west road from the north. As Vann left Carpenter's, he saw the tractor-trailer driven by Christian approaching. He said he watched it through his rear view mirror, on the left side of the cab, that he "knew" Christian was following him and that they were going at about the same speed, 15 to 20 miles per hour. Testified that there was a curve in the road and he lost sight of Christian; that some 300 to 400 feet before he reached the intersection, he tried to roll down the left window of the truck so that he could make a turn signal, but the window would not come down; that he finally twisted the handle so hard it came off, but he never did give any signal that he was going to turn left; that some 150 feet before he reached the intersection of the north road, he began veering over to the left to turn left at the intersection. He had not seen Christian's vehicle since rounding the curve, and only saw it as it was turning over in a ditch at the northwest corner of the intersection, and the tractor slid up over a small culvert at that corner of the intersection. He said he had never heard a horn or signal of any kind from Christian. Vann stopped his truck after making the turn into the north road.

Christian testified that he first saw the milk truck when it stopped at Carpenter's on the left side of the road. (Vann disputes this, testifying that he stopped on the right side of the road, and that his helper went across the road to pick up Carpenter's milk can). He stated that he was driving about 30 miles per hour; that he blew his horns, both air and electric, intending to pass Vann as he was stopped on the left side of the road, but Vann pulled off and stayed on the left of the center for about 100 yards;·that he kept blowing and when Vann pulled over to the right, he started around him. At that time, he was about 300 feet from the intersection. In another 100 feet, he had pulled up nearly even with Vann, at which point their eyes met in the

rear view mirror on Vann's truck. At about 200 feet west of the intersection, Vann began to veer his truck to the left and Christian, blowing his horns, also began to give way to the left, and was forced onto the shoulder of the road and went into the ditch over 100 feet from the intersection. The trailer turned over and the tractor turned partly over. The tractor went about two feet past the end of the culvert and barely tipped the left back wheel of Vann's truck, knocking over some milk cans.

Two patrolmen testified that the tractor-trailer left the pavement from 130 to 150 feet from where it came to rest. Some witnesses did not hear any horn blow, others, more than half a mile away, heard an air horn blow several times, then heard the sound of falling milk cans and came to the scene of the accident.

Both drivers were familiar with the roads and the intersection. They knew each other as Christian had previously worked the same milk route with Vann. The accident happened in the daytime in clear, dry weather.

Appellant concedes that Vann was negligent in failing to give a signal for a left turn, but insists that Christian was guilty of contributory negligence for overtaking and attempting to pass at an intersection in violation of Tit. 36, § 13(c). It is urged that the facts in the instant case show that as a matter of law, appellee cannot recover on account of Christian's contributory negligence, and four cases are cited to support that contention. The first is Greer v. Marriott, 27 Ala.App. 108, 167 So. 597, 598. In the statement of the facts in that case, it appears that " * * * plaintiff * * * undertook to pass the truck within the intersection of the two streets; * * *." Those are not the facts in the instant case and are one distinguishing feature from the case at bar. Another is that there was no question of subsequent negligence in that case as there is in the instant case.

The next case cited is Government Street Lumber Co. v. Ollinger, 18 Ala.App. 518,

94 So. 177, 181, certiorari denied Ex parte Ollinger, 208 Ala. 699, 94 So. 922. One of the distinguishing features of that case is stated in the opinion: " * * * For aught that appears in this case, * * * the driver of defendant's car had no notice of the approach of a car from his rear, and no reason to believe one was in close proximity to him, * * *." The other is again the question of subsequent negligence, which the court noted was absent from that case.

The third case cited is Griffith Freight Lines v. Benson, 234 Ala. 613, 176 So. 370, 372. There, the court stated that the evidence showed that the " * * * driver was wholly unaware of the proximity of plaintiff and his truck * * *", and the court also showed why subsequent negligence did not apply in that case.

The last case cited is Holman v. Brady, 241 Ala. 487, 3 So.2d 30. The judgment in that cause was reversed because the majority of the court thought that the wanton count should not have been submitted to the jury. We do not understand the opinion to hold that plaintiff was guilty of contributory negligence as a matter of law. If that had been the holding, the defendant would have been entitled to the general charge on both counts and the judgment would have been reversed and rendered. We understand the opinion to decide only two questions, first, that the evidence did not support the wanton count, and second, that a question and answer were inadmissible. It could be inferred that the defendant's evidence, if believed, would support the plea of contributory negligence to the count in simple negligence.

In the instant case, the defendant's evidence, if accepted by the jury, was sufficient to support the plea of contributory negligence, but the evidence did not convict appellee of contributory negligence as a matter of law. The question remained one for the jury.

In the decree overruling the motion for a new trial, the court said in part:

"Attorneys for the defendant most earnestly insist that the facts show that Plaintiff had the 'last clear chance' to avoid the accident and that this doctrine should be applied in their favor. An analysis of the clear facts in this case discloses that the Defendant was negligent and that his negligence persisted and continued up to the moment of the accident. This without more, as this Court understands the law, is sufficient to prevent the doctrine of the 'last clear chance' being invoked in the Defendant's favor. (Leinbach v. Pickwick-Greyhound Lines [138 Kan. 50, 23 P.2d 449], 92 A.L.R. 1, 13). If more is needed then there is ample testimony in this cause on which to base a finding of fact that the Defendant discovered the Plaintiff's peril, and knew of his peril in sufficient time to have avoided the accident. The Defendant could have avoided the accident at any time up to the moment the Plaintiff lost control of his vehicle by simply steering his vehicle back into his right lane.

"The question then remains as to whether the Plaintiff was guilty of continuing negligence which persisted up to the moment of the accident and thereby was an insulation to the Defendant's negligence. This Court is of the opinion that he was not. The Plaintiff breached no duty which he owed the Defendant. His effort to pass the Defendant's vehicle was properly made, and he had the right to rely on the expectation that the Defendant would abide by the rules of the road and remain within his right lane of the road so as to permit his passing. He gave an abundance of warning of his intention to pass. The sounding of his air horns was loudly audible to a disinterested witness one-half a mile from the scene. He continued to have this right to rely upon the expectation that the Defendant would abide by the rules of the road and yield him way until he arrived

at a position from which he could not extricate himself without harm—harm to himself and possibly also to the Defendant. When he found himself in this position, he did act to avoid an accident with the Defendant—acted so as to take all the harm upon himself. This Court can see no negligence in these acts of the Plaintiff."

We think the facts and the conclusions drawn therefrom in this statement are supported by the evidence.

■ Appellant contends that the trial court orally charged the jury on the effect of the evidence in violation of Tit. 7, § 270, Code 1940. It is only necessary to say that no objections or exceptions were reserved to any portion of the oral charge and this contention is unsustainable. Guy v. Lancaster, 250 Ala. 287, 34 So.2d 499; Sorrow v. Industrial Life & Health Ins. Co., 259 Ala. 544, 68 So.2d 43; Lackey v. Lackey, 262 Ala. 45, 76 So.2d 761.

■ As previously noted, there was a conflict in the testimony, and the credibility of the witnesses was for the determination of the jury. The trial judge heard the testimony of the witnesses and observed their demeanor on the stand and had a better opportunity than we to judge their credibility. He denied the motion, thereby strengthening the presumption in favor of the correctness of the verdict. After a review of the evidence, we are unwilling to affirm that his ruling was erroneous. Montgomery Traction Co. v. Haygood, 152 Ala. 142, 44 So. 560; Mulkin v. McDonough Construction Co. of Georgia, Ala., 95 So.2d 921.

■■ Appellant argues assignments of error four and five together. They are concerned with the giving of two requested written charges for plaintiff. We quote from his brief:

"The trial court gave at the request of the appellee in writing charges numbered P-7 and P-9. Both of these charges undertake to define negligence and then instruct the jury that if they

are satisfied from the evidence that the appellant was guilty of negligence, they should return a verdict for the appellee, failing entirely to further hypothecate on the element of proximate cause. This is patent error and requires a reversal under assignments of error numbered 4 and 5."

When unrelated assignments of error are argued together and one is without merit, the others will not be considered. Gulf. M. & O. R. Co. v. Sims, 260 Ala. 258, 69 So.2d 449. Thus, if either charge is good, the other will not be considered. Whitt v. Forbes, 258 Ala. 580, 64 So.2d 77, and cases therein cited. Charge P-7, while not a model for completeness, has been held good in Gulf, M. & N. R. Co. v. Fowler, 19 Ala.App. 163, 96 So. 87 (Charge 2); see Jones, Alabama Jury Instructions, § 3763. We also observe that there was no hypothesis of proximate cause in charges 1 and 2 in Faulkner v. Gilchrist, 225 Ala. 391, 143 So. 803. It was held not reversible error to give them.

The remaining assignments of error charge error in the refusal to give requested written charges 1 and 8 for defendant. A charge, although abstractly correct, which ignores issues raised by the evidence, is properly refused. Ray v. Brannan, 196 Ala. 113, 72 So. 16. This rule is particularly applicable to charge 8 and justifies the refusal of charge 1, which, in addition, is misleading. Moreover, the court covered requested written charge 1 clearly and completely in the oral charge.

Appellee contends that none of the given or refused charges are reviewable in the instant case because the action of the trial court on them was not assigned as a ground in the motion for a new trial. He cites cases supporting this proposition listed in 2 Ala.Dig., Appeal & Error, ☞292. The rule of those cases applies only where the motion for a new trial is the only matter which is subject to review on appeal. In the instant case, the appeal is from the judgment and the court's overruling of the

motion for the new trial is only one of several appropriate assignments of error.

The judgment of the lower court is due to be, and is, affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.