Dorothy A. BORGER, Rita M. Borger and Mary G. Borger, Appellants,

v.

Henry W. CONNER and Mary J. S. Conner, Appellees.

No. 3632.

District of Columbia Court of Appeals.

Argued Jan. 18, 1965.

Decided June 2, 1965.

Patrick J. Attridge, Washington, D. C., with whom Cornelius H. Doherty, Washington, D. C., was on the brief, for appellants.

Ferdinand J. Mack, Washington, D. C., with whom Arthur J. Hilland and James E. Hogan, Washington, D. C., were on the brief, for appellees.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge:

Appellees, husband and wife, sued for damages resulting from injuries received by the husband when his automobile was struck by an automobile driven by one of the appellants. From a judgment in their favor this appeal has been brought. (Appellee husband will be hereafter referred to as the appellee.)

The first claim of error is that the trial court should have ruled as a matter of law that appellee was guilty of contributory negligence. On numerous occasions we have ruled that the question of negligence and contributory negligence in automobile collision cases is generally one of fact. There are no exceptional circumstances in this case to take it out of the general rule.

The second claim of error relates to the admission of a photograph of appellee taken four years before the accident and over five years before the trial. At time of trial appellee weighed only 94 pounds. He testified that prior to and at the time of the accident his normal weight was 140 pounds, and that the photograph was a fair portrayal of his appearance on the date of the accident. Appellee's loss of physical well-being was in issue and the photograph was

simply an aid in illustrating his prior physical state as contrasted to his present condition. It was not error to admit the photograph in evidence.[1]

The third claim of error is that the jury was allowed to speculate on the causal relationship of appellee's present diabetic condition and the accident. There was expert medical testimony that, although the accident did not cause appellee's diabetic condition, it "resulted in a quiescent condition, namely, diabetes in good control, becoming very much aggravated by, and very much worsened by, the accident." This testimony justified submitting the issue to the jury. Over 50 years ago the highest court of this jurisdiction said:

If, then, the jury could find that this condition, this tendency to active tuberculosis, had a prior existence, yet, if they could also find that its development into pernicious activity was a direct and probable result of the exposure to cold, or that the exposure contributed to and hastened that development, the defendant could not escape liability.[2]

The fourth claim of error is that proof was allowed of items of damages outside of the scope of the pre-trial order. While generally a party is bound by the pre-trial order, rigid adherence to it should not always be exacted.[3] We find no abuse of discretion in admission of the items here in question.

The fifth claim of error arises from the fact that this case was originally filed in the United States District Court for the District of Columbia, seeking damages of $50,000 for appellee and $5,000 for his wife, and was certified by the District Court to the Court of General Sessions for trial under the provisions of D.C.Code 1961, § 11–962 (Supp. IV, 1965). Although in actions of this nature the Court of General Sessions has a jurisdictional limitation of $10,000, the cited Code Section provides that when a case is certified from the District Court the jurisdiction of the Court of General Sessions "shall extend to the amount claimed in the action, even though it exceed the sum of $10,000." In such cases we have ruled that it is proper for the jury to be instructed that the jurisdictional limitation of the Court of General Sessions is not applicable.[4]

In the present case, appellee's counsel, early in his argument to the jury, stated: "As His Honor will tell you, this is a very serious case and a case in which you are not limited to the jurisdictional amount of this court, of $10,000." This statement was improper. The trial court had not informed counsel that it would tell the jury that the case was "a serious" or "a very serious" one; and counsel had no right to presume that the court would so instruct. At the conclusion of the argument for appellee, appellants' counsel called the court's attention to this improper argument and asked for a corrective instruction. The court stated it would instruct the jurors to disregard counsel's statement that the court would tell them that the case was a serious one, that it was for the jury to decide whether the case was serious or not serious. Unfortunately the court failed to give its promised corrective instruction. The jury

1. Washington Coca-Cola Bottling Works v. Kelly, D.C.Mun.App., 40 A.2d 85 (1944); Harris v. Snider, 223 Ala. 94, 134 So. 807 (1931); Johnson v. Larson, 234 Minn. 505, 49 N.W.2d 8 (1951); Taylor B. & H. R. Co. v. Warner, 88 Tex. 642, 32 S. W. 868 (1895); 3 Wigmore, Evidence § 792 (3rd ed.).

2. Washington, A. & Mt. V. R. Co. v. Lukens, 32 App.D.C. 442, 457–8 (1909).

See also, Hazelwood v. Hodge, 357 S.W.2d 711 (Ky.1961); Mire v. St. Paul Mercury Indemnity Co., 103 So.2d 553 (La. App.1958); Watford v. Morse, 202 Va. 605, 118 S.E.2d 681 (1961); 15 Am.Jur. Damages § 81; 25 C.J.S. Damages § 20.

3. All Weather Storm Windows v. Zahn, D.C.Mun.App., 112 A.2d 496 (1955).

4. Evening Star Newspaper Co. v. Gray, D. C.Mun.App., 179 A.2d 377 (1962).

returned a verdict of $7,500 for appellee and $500 for his wife.

As we have said, the statement of counsel to the jury was improper. Our question, then, is whether this constituted prejudicial error requiring a new trial. It may be argued that the error was corrected by the mere failure of the court to tell the jurors what counsel had said the court would tell them, that it would be obvious to the jurors that counsel was in error, and that this obvious misstatement by appellee's counsel would be detrimental to appellee rather than appellants. On the other hand, it may be argued that since the court took no step to correct the misstatement, the jurors may have believed that the court inferentially approved it. Without deciding the merits of the two arguments which involve a considerable degree of speculation, we are of opinion that the error was not so substantial as to require a new trial.

■ Of course, the trial court was correct when, at the bench conference, it observed that the question of the seriousness of the case was one for the jury. Still, in a general sense, the trial of any law suit is serious business; and, usually, every case is serious from the viewpoint of the litigant. A lawyer has the right to argue to the jury that his client's case is a serious one; and, as the trial court here did not characterize the case as serious, we believe counsel's statement was taken by the jury as nothing more than counsel's own estimation of the case. Obviously the jury was not greatly swayed by the implication that it could or should return a verdict for more than $10,000, since the total of the two verdicts was only $8,000.

■ The final claim of error is that the evidence did not support the jury verdict of $500 for appellee's wife for loss of consortium. This claim is without merit.

Affirmed.