This is a suit in which plaintiff seeks to recover the sum of $444.17 representing amounts paid for materials and labor in the improvement of certain property belonging to the defendant. Plaintiff also sought the recovery of the sum of $55 as attorney's fees. After trial there was judgment in favor of plaintiff in the sum of $444.17, from which the defendant has appealed. Plaintiff has answered the appeal requesting an increase in the amount of the judgment to include the attorney's fees as prayed for.
This appeal involves purely a question of fact. The record discloses an absolute conflict on the facts involved as between the testimony of witnesses for plaintiff and defendant respectively.
Plaintiff contends that some time during the month of April, 1946, he entered into a verbal agreement with the defendant under the terms of which the latter agreed to erect a filling station on certain property belonging to him located in the City of Shreveport. Plaintiff obligated himself to pay for the labor and materials necessary in the preparation of the lot and the construction of concrete driveways thereon. According to plaintiff's version defendant agreed to purchase his necessary supplies of oil, gasoline and petroleum products from the plaintiff, who was a jobber of such products. It was further agreed that plaintiff should be reimbursed for his expenditures in connection with the improvement of the lot out of gasoline sales on an agreed basis of return per gallon on such sales. Pursuant to this understanding plaintiff paid for labor and materials to the extent of a total amount of $444.17, for which he has not been reimbursed by the defendant.
All of these contentions of plaintiff are vigorously disputed by defendant, whose interpretation of the agreement is directly contrary to plaintiff's version. Defendant claims that plaintiff obligated himself not only to prepare the lot and construct the driveway thereon, but, additionally, to erect the filling station itself. Under the agreement for the lease of defendant's property plaintiff was entitled to reimburse himself for his expenditures out of gasoline sales, at the same time paying rent for the lease of the ground to the defendant.
The only points of agreement in this entire record are that the contract was intended to be reduced to writing; that the parties failed to agree on the terms and conditions thereof; that plaintiff has not been reimbursed for his expenditures; and that plaintiff was to furnish, upon consummation of any agreement, the pumps and equipment necessary for the operation of the station.
The trial Judge resolved the violent conflict of evidence in favor of the plaintiff. It follows that, unless we find some manifest error, the judgment should be affirmed.
We think there can be no question but that the parties entered into some sort of a verbal agreement under which plaintiff proceeded to spend the sum claimed in putting defendant's property in shape preparatory to the construction of the improvements thereon. It does not appear *Page 525 
that plaintiff was engaged in the business of operating filling stations, and, insofar as the record is concerned, his sole business consisted in selling, at wholesale, gasoline, oil and related products.
Some months after plaintiff had made the expenditures above noted he was presented with a lease agreement by the defendant which, according to his testimony, was entirely unacceptable. Nevertheless, it appears that plaintiff kept the agreement for a considerable period of time during which, again according to his testimony, he attempted in vain to interest some other party in concluding such an agreement with the defendant. After the lapse of an extended period of time, failing to receive any satisfaction from the defendant in response to his demands for reimbursement of his expenditures, plaintiff instituted this suit.
Because of the welter of conflicting testimony and contradictory positions reflected by the record in this case even more than the usual weight must be accorded to the finding of the trial Judge who was able to observe the witnesses and evaluate their testimony at first hand. Accordingly, we would not be justified in concluding that the learned Judge was guilty of manifest error in his findings of fact.
It is contended on behalf of defendant that plaintiff has failed to establish any ground upon which to base his right to recovery since he has not established on the one hand a breach of contract, nor, on the other, any unjust enrichment at his expense on the part of defendant.
While it is true that no meeting of the minds of the parties as to the terms and conditions of their agreement has been satisfactorily established, we think the evidence preponderates in favor of a finding that defendant received the use and benefit of the expenditures made by plaintiff, and, accordingly, under the great weight of authority, plaintiff is entitled to be compensated for the reasonable worth thereof. This reasonable worth or value certainly would be equivalent to the expenditure actually made.
It is shown that a building has been erected on defendant's property from which he receives rental and that the driveways which were installed at plaintiff's expenses are used in connection with this building. The only reasonable conclusion to be reached is that the improvements resulting from plaintiff's expenditures have been of benefit and value to the defendant. Certainly therefore, plaintiff is entitled to recover.
As to plaintiff's claim to an increase in the judgment for attorney's fees, we know of no authority, nor have we been cited to any, which would justify the allowance of such an item, and, accordingly, the prayer for an increase in the judgment on this ground must be refused.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost.