GLADNEY, Judge.
Horace G. Moses, appellee herein, brought this suit for $701.51 for damages to his Oldsmobile automobile, making defendant herein, Fidelity & Casualty Company of New- York, the automobile insurance carrier for Victory Truck Lines.
There is no serious dispute about the facts of this automobile collision which occurred on March 29, 1952, at Converse,, Louisiana. The judge who tried the case gives this statement of findings which we approve as being in accord with evidence presented by the record:
“There is little conflict in the testimony and apparently no serious dispute as to just what happened in the case. Mrs. Farmer was proceeding north on Highway 171 at a reasonable rate of speed with the intention of driving into Snelling’s Filling Station to purchase a package of cigarettes. Having ascertained that there was no *247 car approaching from the north and no car close to her approaching from the south, she gave the signal for a left turn and took an easy angle into the filling station. It appears that the course taken'by Mrs. Farmer was the usual and customary course taken by persons driving in and out of the filling station. The truck belonging to Victory Truck Lines was parked, according to Mr. Snelling, on his parking lot or space provided by him for trucks to park. Just as the Moses car was about to pass in front of the truck, the driver of the truck without any signal being given and being in such a position that he could not see vehicles approaching from the south, suddenly started his truck and lunged into the passenger car.”
Plaintiff charged principally that the accident was due solely to the fault and negligence of the driver of the insured truck, W. L. Lahaye, in failing to give warning or signal when starting his truck, and in failing to keep a proper lookout by which he would have observed plaintiff’s automo-' bile.
Respondent’s answer was in the nature of a general denial and affirmatively charg-' es that the accident was occasioned by the failure of Mrs. Farmer to keep a lookout for vehicles parked ahead, by her act of driving directly in front of a moving vehicle, and by failing to signal her ■ approach.
Defendant also filed an exception of no cause and no right of action and pleaded in the alternative contributory negligence as a bar to judgment, in favor of plaintiff. The exception was overruled by the judge a quo and it is not re-urged in this Court.
In rendering his opinion in favor of plaintiff, the judge observed:
“We fail to see where Mrs. Farmer was guilty of any negligence whatsoever. Certainly the driver of the truck was guilty of gross negligence in suddenly driving his truck into the filling station driveway without knowing whether any vehicle was approaching, it being admitted by the truck driver that he could not see toward the south, but that he would have been able to see - by moving over to the right hand side of his cab.”
This reasoning of the Court is predicated upon obligations imposed by our highway regulatory statute, LSA-R.S. 32.236. This section, inter alia, provides that the driver of a vehicle upon a highway before starting from a direct line shall first see that such movement can be made in safety and, whenever the operation of any other vehicle may be affected by such movement, he shall give a signal plainly visible to the driver of such other vehicle. The section specifically provides that when a vehicle is pulling from the curb, or side of the highway, the driver shall give a left turn signal, that is, with arm -extended horizontally.
The truck -was parked in such a manner that the trailer undoubtedly obscured Lahaye’s view, of any traffic approaching from the rear on his right side. He testified, truthfully, we think, that he did not see plaintiff’s car prior to the collision. However, we think this fact should have moved him to exercise more caution. He should have moved to the right of his seat and looked to the rear before putting his truck in motion. He admitted he could have done this but did not. We.are convinced that had he moved over on his seat and looked to the rear he would have observed the approach of Mrs. Farmer and this accident would not have occurred. In our opinion the act of the truck driver in starting his truck without taking every precaution to insure a safe movement was the sole and proximate cause of the accident.
We find no . merit in defendant’s plea of contributory negligence. The truck was parked too near the lane of approach to Snelling’s filling station. All traffic from the south entering this station for the purpose of securing gasoline or merchandise would necessarily have to pass within a few feet of the truck. The truck driver should have anticipated vehicles would enter the station while he was parked, and his failure to look just prior to starting the truck was the proximate cause of the accident.
*248 The judgment appealed' from awarded plaintiff the sum of $460. Our examination of the record indicates that this amount is justified by the evidence and should not be disturbed.
For the foregoing reasons, the judgment appealed from is affirmed at appellant’s cost.