103 So.2d 553 (1958)
Elinor Menard MIRE, Plaintiff-Appellee,
v.
ST. PAUL MERCURY INDEMNITY COMPANY et al., Defendants-Appellants.
No. 4624.
Court of Appeal of Louisiana, First Circuit.
May 26, 1958.
Rehearing Denied June 30, 1958.
Davidson, Meaux, Onebane & Nehrbass, Lafayette, for appellants.
Edwards & Edwards, Crowley, for appellee.
FRUGE, Judge.
Defendants Joseph L. Morgan, a truck driver, Lester Richard, d/b/a Richard Oil Company, employer of the truck driver and St. Paul Mercury Indemnity Company, liability insurer, have appealed from a judgment of the District Court, Parish of Acadia, awarding plaintiff, Elinor Menard Mire, damages suffered by plaintiff both, property and personal, resulting from a collision between the truck driver Joseph L. Morgan and plaintiff Elinor Menard Mire which took place on October 1, 1955, within the municipal limits of Rayne.
*554 The judgment stems from a civil jury verdict in the sum of $10,645.99 reduced by remittitur by the sum of $4,000, resulting in a formal net judgment of $6,645.99.
The locale of the accident was on U. S. Highway 90 or South Adams Street in the City of Rayne which runs North and South at a point west and slightly north of Nan's Cafe which stands off from the street at that point on the east side thereof. The location of defendant Richard's bulk oil station is southeast of Nan's Cafe.
Our appreciation of the evidence is that petitioner was proceeding south on said South Adams Avenue or Street (U. S. 90) and upon arriving at the drivein from the street to her place of business, was proceeding at approximately five miles per hour; while she, upon arriving at said point, looked down the street to ascertain if the way was clear for making a left turn into the driveway in front of Nan's Cafe and then looked in her rear view mirror to ascertain that no cars were overtaking; finding that there were no cars approaching or overtaking her, either from the front or the rear, she began a left hand maneuver from the street in a careful and cautious and extremely slow manner to turn from South Adams Avenue to the paved front portion of the property known as Nan's Cafe, which is immediately adjacent to the eastern extremity of the street. At that time the said Morgan was operating and driving a Dodge truck owned by said Richard Oil Company, and had been parked at or near a Texaco Station, immediately to the south of petitioner's place of business, Nan's Cafe; said truck was started by said driver in an effort to negotiate an entrance on South Adams Avenue, made a rather abrupt, sudden and extremely fast maneuver from a stopped position across the parking area of Nan's Cafe between the Cafe and the eastern extremity of said street and upon reaching the eastern extremity of said street, struck the right front end of petitioner's vehicle just as in her left hand maneuver to leave the street her vehicle had reached the eastern extremity thereof and was attempting to get on the neutral ground adjacent to the Cafe. There are only two eye witnesses to the actual impact, being the drivers of both vehicles.
It would appear that the plaintiff did everything that any reasonable, prudent person could or would have done in this matter and that she is necessarily guilty of no negligence at all which could have contributed to the accident. According to her testimony she had ascertained the several blocks ahead of her was clear and that there was no traffic approaching her from the front and that she had further ascertained that there were no vehicles in front of her place of business attempting to negotiate an entrance on the highway and thus reasonably assumed that her attention must be directed primarily upon any traffic which might attempt to overtake her in the process of her left turn.
While she was thus attempting a safe entrance of her own property from the highway the defendant truck driver in a sudden, unsignaled and unanticipated move came from behind the Cafe, made a sudden unanticipated turn in front of her Cafe paralleling the highway and ran his truck into the right front of her car just as she attempted entrance of her property from the highway.
It appears to this Court that the plaintiff's reasonable, honest version of the accident must have been accepted both by the jury and the trial judge. The driver of the truck gave conflicting evidence and seemed to be confused. This Court does not have the benefit of a personal appraisal of the demeanor of the witness Morgan on the witness stand such as the trial jury and trial judge had. The officer of the City of Rayne upon investigating the accident immediately after the impact testified that the left front wheel of the truck was on the highway following the impact. This physical fact contradicts Morgan's *555 insistence that he stopped before entering road. Besides that, this fact is corroborated by the testimony of Mrs. Adams who was in the restaurant who testified that the truck driver was moving somewhat rapidly when he passed in front of the restaurant immediately prior to the impact and was looking over his left shoulder south. The damage to plaintiff's car amounted to almost $400.
This matter on appeal from a verdict of a civil jury, is approved by the District Court on the question of liability but reduced on the question of the quantum. The District Judge's decision to reduce the quantum shows that he gave full consideration to the entire matter prior to refusing a new trial or rehearing and placed his stamp of approval on the jury finding of a verdict in favor of the plaintiff.
In accordance with the settled jurisprudence of the Courts of this State the appellate courts will not reverse the findings of the facts of a lower court unless such findings were clearly erroneous.
We quote from the case of Roux v. Attardo, La.App.1957, 93 So.2d 332 at page 335:
"Great weight attaches to the findings of fact by a jury as well as by a trial judge and to their ability to judge the credibility of witnesses where there is sharp conflict in testimony, and in the absence of clear and manifest error the appellate court will not reverse the judgment on the question of defendant's liability. Nixon v. New Orleans Ry. & Light Co., 121 La. 447, 46 So. 568; Goothye v. De Latour, 108 La. 286, 32 So. 391; Moore v. Blanchard, La.App., 35 So.2d 667; Tillman v. Cangelosi, La.App., 40 So.2d 523."
In the case of Moses v. Fidelity & Casualty Company of New York, La.App., Second Circuit, 1952, 61 So.2d 246, the organ of the court approvingly quoted the findings of facts by the trial judge which is peculiarly fitting here to show plaintiff's right to recover on the question of fault:
"`There is little conflict in the testimony and apparently no serious dispute as to just what happened in the case. Mrs. Farmer was proceeding north on Highway 171 at a reasonable rate of speed with the intention of driving into Snelling's Filling Station to purchase a package of cigarettes. Having ascertained that there was no car approaching from the north and no car close to her approaching from the south, she gave the signal for a left turn and took an easy angle into the filling station. It appears that the course taken by Mrs. Farmer was the usual and customary course taken by persons driving in and out of the filling station. The truck belonging to Victory Truck Lines was parked, according to Mr. Snelling, on his parking lot or space provided by him for trucks to park. Just as the Moses car was about to pass in front of the truck, the driver of the truck without any signal being given and being in such a position that he could not see vehicles approaching from the south, suddenly started his truck and lunged into the passenger car.'"
In rendering judgment for the plaintiff, the district judge, whose opinion is adopted by the court of appeals, made the following observation (61 So.2d at page 247):
"`We fail to see where Mrs. Farmer was guilty of any negligence whatsoever. Certainly the driver of the truck was guilty of gross negligence in suddenly driving his truck into the filling station driveway without knowing whether any vehicle was approaching, it being admitted by the truck driver that he could not see toward the south, but that he would have been able to see by moving over to the right hand side of his cab.'"
The Second Circuit then goes on to add emphasis and weight to the district judge's opinion by adding (61 So.2d at page 247):

*556 "This reasoning of the Court is predicated upon obligations imposed by our highway regulatory statute, LSA-R.S. 32:236. This section, inter alia, provides that the driver of a vehicle upon a highway before starting from a direct line shall first see that such movement can be made in safety and, whenever the operation of any other vehicle may be affected by such movement, he shall give a signal plainly visible to the driver of such other vehicle. The section specifically provides that when a vehicle is pulling from the curb, or side of the highway, the driver shall give a left turn signal, that is, with arm extended horizontally."
The above authority require that whenever a vehicle enters a highway the operator thereof should first see that such movement could be made in safety. The defendant truck driver in the case at bar failed to do this. He drove his truck from behind a building which obscured his passage and made a sudden, abrupt and unsignalled maneuver from behind a building and attempted to negotiate entrance on a highway at a northwest angle without looking ahead to see if other vehicles would be affected by the maneuver. The record discloses that he could give no explanation for not seeing Mrs. Mire directly ahead of him.
Under these facts we quote further from the Moses' case (61 So.2d at page 247):
"* * * In our opinion the act of the truck driver in starting his truck without taking every precaution to insure a safe movement was the sole and proximate cause of the accident.
"We find no merit in defendant's plea of contributory negligence. The truck was parked too near the lane of approach to Snelling's filling station. All traffic from the south entering this station for the purpose of securing gasoline or merchandise would necessarily have to pass within a few feet of the truck. The truck driver should have anticipated vehicles would enter the station while he was parked, and his failure to look just prior to starting the truck was the proximate cause of the accident."
The position of defendants in this action is that Morgan, the driver of the truck, was not negligent but that to the contrary the accident was caused by the gross negligence of plaintiff. We have disposed of that contention herein above. The second contention is that if we hold Morgan to be negligent with regard to the accident that plaintiff is nevertheless precluded from recovering because she was guilty of contributory negligence which proximately caused the accident and in support of their contention they furnished ample and reliable authorities in support thereof. For this Court to impute contributory negligence herein, we would have to rely on the testimony of the defendant truck-driver Morgan. In view of our appreciation of the evidence outlined here and above, we cannot do so. Thus defendants fail of their burden to prove contributory negligence by a preponderance of the testimony.
We will now examine the question of quantum. The plaintiff at the time of the accident was about 49 years of age, was operating her own restaurant in Rayne, was earning a net profit of $25 per week. The damages to her vehicle amounts to $376.77. All of the medical expenses for injury sustained by her in the accident amounted to $969.07. Two major operations were performed on the person of the plaintiff as a result of the accident and she was hospitalized fifteen days and bedridden for a little over thirty days. There is testimony to the effect both medical and lay, that as a result of the injuries to her breast and abdomen, she suffered considerable pain for a long period of time. We find that the evidence is sufficient to show that plaintiff submitting to two operations and suffered resulting pain, loss of wages and medical expenses was a direct result of the accident in question. It appears *557 that she suffered an injury which aggravated and reactivated a (milk leg condition) thrombophlebitis or occlusion of the vein. The evidence indicates that prior to the accident she was able to work continuously and stand on her feet at long intervals for a number of years as a cook in her restaurant and in working for others and that since this accident, she is unable to work, she had had to sell her business and she has since been out of employment. In case of Peppers v. Toye Bros. Yellow Cab Co., La.App., 198 So. 177, at page 182, the Court held that where a person enjoys good health, suffers an accident and within a short time thereafter a dormant preexisting illness or old injury disconnected with the accident flares up or becomes active, it will be presumed that the flare up was not a coincidence and that it was set in motion as a direct result of the accident. And it is sufficient for the plaintiff, in order to cast the burden of proof upon the defendant, to show by medical testimony that there is a reasonable possibility that the result claimed for did happen. We have no difficulty at arriving at the conclusion that the plaintiff met this test and that under the circumstances she should recover for the aggravated condition of her milk leg) thrombophlebitis.
It is to be observed that when plaintiff entered a remittitur thus reducing the judgment she specifically reserved the right to ask for an increase on appeal which was done in an answer to the appeal seeking the recovery of a total of $17,500. It is the opinion of this court, however, that the damages in the sum of $6,645.99 awarded by the trial court which figure was awarded over and above a voluntary remittitur by plaintiff for $4,000 is adequate to cover damages sustained by plaintiff.
In order to avoid confusion the court observes that the original insurance company sued herein was the American Hardware Mutual Insurance Company but upon discovery that it was the wrong company by proper pleadings it was changed to St. Paul Mercury Indemnity, the actual defendant insurance company in this action.
For reasons assigned the judgment of the District Court is affirmed. Costs of this appeal to be paid by defendant-appellants.
Affirmed.