TATE, Judge
(dissenting from denial).
I respectfully dissent from the denial of rehearing.
Here we have a highly skilled workman earning $500 per month who had performed his duties for many years without complaint or difficulty until the day of the accident. He suffered from diabetes and a latent arteriosclerosis (hardening of the arteries), it is true, but neither of these conditions had previously incapacitated him or caused him the slightest complaint of pain upon exertion. Yet from the day of the accident onwards increasingly severe symptoms have afflicted him until he was forced to cease work. Without dispute, he is now totally disabled.
In reversing the trial court and denying this claimant recovery, my conscientious brethren of the majority have apparently based it upon the circumstance that the doctors cannot swear that it is a medical probability that the fall precipitated the onset of acute and disabling symptoms of the previously unsymptomatic disease, although these doctors do with virtual unanimity concede that the trauma is one of the several medical possibilities which might explain the sudden appearance of painful' symptoms following the accident.
Of course, neither the doctors nor anyone else can positively ascribe as a medical probability that any one cause was the reason why, deep inside the plaintiff’s body, changes took place which caused him to feel pain in his right hip and leg dating from the very minute of the accident, whereas he had never suffered such before. And if such proof were indeed the burden required by Louisiana law, a compensation claimant could never prove causal relationship, except in the plainest of cases, between his present aggravated disability and the initial trauma, for in practically none of them can the doctors say with any degree of definiteness whether the present disabling manifestation of the formerly latent condition was a natural development of the disease or instead an aggravation induced by the trauma.
To prove by a preponderance of the evidence requires only proof that it is more probable than not, not proof beyond a reasonable doubt. Naquin v. Marquette Casualty Co., 244 La. 569, 153 So.2d 395; Perkins v. Texas & New Orleans Railway Co., 243 La. 829, 147 So.2d 646. What is only a medical possibility may, in the light of the entire evidence, become a legal probability, sufficient to satisfy the burden of proof under the commonsense principle *57 established by our jurisprudence in the light of the inexactitude or indefiniteness of medical knowledge as to medical causation: A medical condition producing disability or death is presumed to have resulted from an accident, if before the accident the injured person was in good health or affected only with latent symptoms, but ■shortly after the accident the disabling or ■death-causing condition manifested itself; provided that the medical evidence shows that there is a reasonable possibility of a ■causal connection between the accident and the disability or death. Nixon v. Pittsburgh Plate Glass Co., La.App. 3 Cir., 161 So.2d 361; Porter v. Dennis Sheen Transfer, Inc., La.App. 4 Cir., 130 So.2d 450; Blanchard v. Travelers Ins. Co., La.App. 1 Cir., 121 So.2d 515; Mire v. St. Paul Mercury Indemnity Co., La.App. 1 Cir., 103 So.2d 553; Taylor v. Mansfield Hardwood Lbr. Co., La.App. 2 Cir., 65 So.2d 360; Peppers v. Toye Bros. Yellow Cab Co., La. App.Orl., 198 So. 177.
My brethren of the majority have fallen into error, in my opinion, in failing to apply this well established principle to the facts at issue.
These facts show:
In the accident at work, the claimant slipped and fell on his right hip. Although he completed the day’s work, his hip was hurting him so much that he went to his physician (Dr. Curtis) the same evening, Tr. 117. The doctor saw him in the hospital emergency room, the plaintiff complaining of severe right leg and hip pain, Tr. 174, and had a visiting specialist look at him right then to see if he needed an operation for his arteriosclerosis. The specialist thought it was not necessary then, but just five months later the condition had progressed so rapidly that surgery was now indicated and was accordingly accomplished.
As I read the initial examining physician’s testimony, he admits that without “looking in that man’s arteries” there is no way for medical science to know whether the onset of acute symptoms was a natural development, Tr. 182, or whether instead the trauma “precipitated the acute onset of pain”, Tr. 182. However, he repeatedly testifies that there is a reasonable medical possibility that the trauma precipitated or aggravated the latent condition into disabling symptoms. All the other medical witnesses agree essentially with this opinion.
In addition to the testimony of the plaintiff and his wife, the strong and uncontra-dicted testimony of his former supervisor and his coworkers is that for at least 10 or 12 years before the accident he was a steady and consistent hard worker, 7 days a week, 10-12 hours a day, without complaints of pain up until the October 1963 accident at work; but thereafter — commencing with the very day of the accident —the plaintiff has suffered from increasingly severe hip and leg pain (which dated from the fall and was so severe as to cause him to seek medical advice that very evening from his doctor in the emergency room of the hospital).
Louis Patin, a coworker at the scene of the accident (he did not see him fall because his head was turned, but he went and “helped him up” after he fell, Tr. 156), said that the plaintiff complained of his leg, hip, and shoulder hurting as he rose from the fall but continued working that day and thereafter, but with increasing complaints of pain and limping from that time forward until he quit work; this coworker also testified that the claimant had never limped or complained prior to his fall of October 6th. Tr. 155-157. To the same effect is the uncontradicted testimony of other oil workers who saw him frequently (Ledbetter, Tr. 162; Pugh, Tr. 164), as well as of the claimant’s wife (Tr. 167).
With the utmost respect for the majority, I think that it erred as a matter of law in reversing the trial court’s correct holding that the plaintiff had sufficiently proved causal relation between the industrial accident and his undoubted present disability *58 by the uncontradicted evidence (1) that it was a reasonable medical possibility that the fall at work precipitated into painfulness the plaintiff’s previously latent condition of arteriosclerosis compounded with diabetes and (2) that from the very minute of the accident onwards, but never before the fall, the plaintiff was consistently afflicted with increasingly severe and finally disabling symptoms of pain in his hip and leg, resulting finally in the necessity for surgery. For these reasons, the writer respectfully dissents.
FRUGÉ, J., believes the Trial Judge ruled correctly on the facts and the law.