(92 South. 464)

### NORWOOD TRANSP. CO. v. BICKELL.
### (6 Div. 567.)

(Supreme Court of Alabama.   Feb. 11, 1922.)

**1. Municipal corporations ⬳706(8)—Instruction that a person suddenly thrust into danger, who acted as a reasonably prudent person, was not negligent, held correct.**

In an action for death caused by a collision between an automobile driven by the deceased and defendant's motor bus, where the evidence would have justified a finding that deceased, after discovering her danger, even though she may have negligently exposed herself in the first place, did not voluntarily continue in her negligent course, but made what effort she could to avoid the impending peril, an instruction that a person subjected to sudden danger must conduct himself as a reasonably prudent person would do if thrust into the same or like circumstances was not misleading in using the word "thrust," since from it the jury would understand that the court was stating hypothetically that the plaintiff's intestate did not voluntarily put herself in a place of danger.

**2. Municipal corporations ⬳706(7)—Application of doctrine of subsequent negligence held for jury.**

Though the doctrine of subsequent negligence of either plaintiff or defendant is not to be applied in a case where the manifestation of peril and the catastrophe are so close in point of time as to leave no room for preventive effort, where the facts justify a finding that plaintiff's intestate, killed in a collision with automobile, after discovering her danger, even though she may have negligently exposed herself in the first place did not voluntarily continue in her negligent course, but made what effort she could to avoid the impending peril, the facts, and in consequence the application of the doctrine, were for the jury.

**3. Municipal corporations ⬳706(8)—Instruction that first vehicle approaching crossing has right of way, and that failure of other vehicles to approach the crossing with sufficient care to avoid danger of a collision is negligence held error.**

In an action by an administrator against the owner of a motor bus for death caused by a collision of an automobile driven by deceased person and defendant's motor bus, in which defendant contended that deceased had been guilty of antecedent and concurrent subsequent negligence, a charge that the first vehicle to reach a crossing in the exercise of ordinary care should have the right of way and other vehicles should approach the crossing with sufficient care to avoid danger of a collision, and that a failure to so approach was negligence was properly refused as misleading.

**4. Municipal corporations ⬳706(8)—Refusal of instruction relative to respective speed rights of automobiles held error.**

In an action for a death caused in a collision between an automobile driven by deceased person, and defendant's motor bus, refusal of an instruction that deceased had no right to drive a motor vehicle at a greater rate of speed than defendant's bus driver had a right to drive a motor vehicle was proper, since the case called for no statement as to relative speed rights of the parties, but only whether one or both exercised, or failed to exercise, due care to avoid the injury.

**5. Evidence ⬳123(11)—Statements of driver of motor bus after accident held not admissible in evidence.**

In an action by an administrator against the owner of a motor bus for a death caused in a collision between an automobile driven by a deceased person and defendant's motor bus, statements of the driver of the motor bus immediately after the collision that he tried to stop, that he tried to put on the brakes, was not admissible in evidence because circumstances under which it was made showed too much retrospection and deliberation.

**6. Trial ⬳91—Exclusion of statement of witness to special agent of defendant held proper, though no objection was made.**

In an action by an administrator against the owner of a motor bus for death caused in a collision between an automobile driven by a deceased person and the motor bus, an answer of a witness to the effect that in a statement to a special agent of defendant the witness had said that in his opinion the accident was unavoidable was properly excluded as on motion, although no objection was interposed; it being hearsay.

Appeal from Circuit Court, Jefferson County; R. V. Evans, Judge.

Action by W. C. Bickell, as the administrator of the estate of Mrs. Bickell, for damages for the death of his wife, filed against the Norwood Transportation Company. Judgment for the plaintiff, and the defendant appeals. Affirmed.

The following charges were refused to the defendant:

(A) I charge you, gentlemen of the jury, that the first vehicle to reach a crossing in the exercise of ordinary care should have the right of way and other vehicles should approach said crossing with sufficient care to avoid danger of a collision, and a failure so to approach

said crossing on the part of other vehicles is negligence.

(15) I charge you, gentlemen of the jury, that under the law plaintiff's intestate had no right to drive a motor vehicle upon the public highways in the city of Birmingham at a greater rate of speed than the defendant's bus driver had a right to drive a motor vehicle upon the streets and highways.

When Mrs. Neuman was testifying she was asked if she got out of the bus and looked at the accident. She replied that she was thrown to the floor of the bus by the collision, and did not get out, but picked herself up from the floor and started out, and at that time the bus driver was coming back into the bus, wringing his hands and crying and saying, "I tried to stop! I tried to put on the brakes!" This evidence was ruled out upon objection made by the plaintiff.

London, Yancey & Brower, of Birmingham, for appellant.

If plaintiff was negligent, contributing proximately to the injury, plaintiff cannot recover for simple original negligence. 10 Michie, 581; 135 Ala. 533, 33 South. 332, 159 Ala. 195, 48 South. 798, 133 Am. St. Rep. 32; 125 Ala. 199, 27 South. 1006. The exclamations of the bus driver were admissible. 179 Ala. 317, 60 South. 82; 22 C. J. 461. The court erred in refusing to instruct the jury that they could not find for the plaintiff on the wanton counts. 164 Ala. 162, 51 South. 368. The court erred in refusing the charges requested by the defendant. 183 Ind. 466, 108 N. E. 234, 109 N. E. 353.

Harsh, Harsh & Harsh, of Birmingham, for appellee.

The brief of counsel did not reach the Reporter.

SAYRE, J. Plaintiff's (appellee's) intestate was killed in a collision between the automobile she was driving and a motor bus operated by defendant. The collision occurred at the intersection of two streets, to which the two vehicles approached; intestate's automobile from the north, defendant's bus from the east. The complaint was in two counts charging (1) simple negligence and (2) wanton injury. Defendant pleaded the general issue, with leave to give in evidence any matter which, if well pleaded, would be admissible in defense. Plaintiff claimed that defendant's driver in charge of the bus was guilty of both original and subsequent negligence. Either or both might be proved under the complaint. Defendant contended that plaintiff's intestate had been guilty of antecedent and concurrent subsequent negligence, one or both. Under the evidence all issues so raised between the parties were disputed questions of fact to be decided by the jury. There was jury and verdict for plaintiff, and defendant has appealed.

[1] We may assume one contention on the part of plaintiff (for whom we have no brief) to have been that although plaintiff's intestate may have negligently driven into a position of danger, yet, after defendant's driver discovered the meaning of the situation thus presented, he was guilty of actionable negligence, in that he failed to exert himself reasonably—meaning, in the circumstances, with all possible diligence—to avoid the collision, and that plaintiff's right to recover on these facts had not been defeated by any proximate concurrent subsequent contributory negligence on the part of plaintiff's intestate. Tendencies of the evidence justified such a contention, and the law of such a case was correctly stated to the jury. Further elucidating one phase of the law just referred to, the court said in its oral charge to the jury:

"Where one is exposed to a danger, enhanced suddenly by the dangerous condition under which the danger must be met, he or she is not necessarily guilty of contributory negligence because he or she does not exercise the best judgment, or take the best measures for his or her safety, but under the stress of danger or sudden peril, under such emergency and exigency the person so suddenly confronted by such condition must conduct him or herself as a' reasonably prudent person would do if thrust into the same or like circumstances, and it is for you to say whether under sudden peril and danger, a reasonably prudent person would have done as intestate did in answering whether or not she was guilty of contributory negligence when thrust into that condition."

The burden of the argument for error in the quoted part of the court's charge is based upon the expression "if thrust into the same or like circumstances." Defining "thrust" as meaning "pushed or shoved," defendant appellant contends that there was no evidence calling for this statement of law to the jury. The rule of law here involved has had repeated notice in this court. Cook v. Parham, 24 Ala. 21; Cook v. Central Railroad Co., 67 Ala. 533; Alabama Co. v. Sanders, 202 Ala. 295, 80 South. 360. Other cases are cited in Alabama Co. v. Sanders. If defendant's definition were accepted, the instruction in question would be the subject of unfavorable criticism. It is always best in such cases to use the language of the books. But we apprehend that the jury understood that the court was stating, hypothetically, that the plaintiff's intestate did not voluntarily put herself in a place of danger. The court was speaking of the effect of sudden danger as related to the charge of intestate's concurrent subsequent negligence as an answer to the charge of subsequent negligence brought against the defendant. The evidence would have justified the jury in finding, if in their deliberations they reached this issue, that plaintiff's intestate, after discovering her danger, even though she may have negligently exposed herself in the first place, did not voluntarily continue in her negligent course,

but made what effort she could to avoid the impending peril, and so was entitled to the benefit of the doctrine. Such an application of the doctrine to a case of subsequent or secondary negligence seems to have been made in Cook v. Central Railroad Co., supra. Bearing in mind the specific nature of the issues presented by the charge of subsequent or secondary negligence, answered by a plea of concurrent subsequent contributory negligence, the language of Judge Thompson may be aptly quoted:

"In all such cases the true test is to consider whether, under all the circumstances of the case, and in view of the appearance of danger which surrounded him and of the suddenness of the surprise and want of time for deliberation, the person injured acted rashly, or as a reasonably prudent person might have acted under such circumstances; and this is necessarily a question of fact for a jury." 1 Thomp. Neg. § 197, where a number of cases are cited, some of ours included. .

The court committed no reversible error in its oral instruction. If the defendant would have had any part of the instruction explained or the law stated in terms other than those employed by the trial court, it should have requested a special instruction according to the statute.

[2] It is true that the doctrine of subsequent negligence on the part of either plaintiff or defendant is not to be applied in a case where the manifestation of peril and the catastrophe are so close in point of time as to leave no room for preventive effort. Frazer v. South & North R. R. Co., 81 Ala. 185, 1 South. 85, 60 Am. Rep. 145. But here the facts, and in consequence the application of the doctrine, were for the jury.

[3] Charge A, refused to defendant, was misleading, in that it tended to inculcate the idea that the issues between the parties as to original and contributory negligence should be made to turn upon the single inquiry whether plaintiff's intestate or defendant's bus first approached the crossing. That was a relevant and material, but not a conclusive, fact.

[4] There was no error in refusing defendant's charge 15. The case called for no statement as to the relative speed rights of the parties, but only whether one or both, in the circumstances shown, exercised, or failed to exercise, due care to avoid the injury complained of. Neither had the right to maintain any rate of speed for the reason that the other was moving at that speed.

Defendant's charge M correctly stated a very pertinent rule of law; but it was, in every essential, more than once given to the jury in other special instructions. And so with reference to charge 19, refused to defendant.

[5] The remarks, exclamations they may have been, of the motorman as he came back into the bus after the accident, appear to us to show too deep a tincture of retrospection and deliberation to be admissible in evidence for the defendant as competent evidence of the facts so stated by him. Alabama City, etc., Ry. Co. v. Heald, 178 Ala. 636, 59 South. 461; Illinois Central R. R. Co. v. Lowery, 184 Ala. 443, 63 South. 952, 49 L. R. A. (N. S.) 1149.

[6] The answer of the witness Sibly to the effect that in a statement to Franklin, special agent for defendant, he had said that in his opinion the accident was unavoidable, was properly excluded. It was hearsay, was illegal, and was properly excluded on motion, even though no objection was interposed to the question. .

The foregoing disposes of all questions presented in a tangible way for review.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.