198 So.2d 299

Maybell JOHNSON

v.

Donald William COKER et al.

1 Div. 351.

Supreme Court of Alabama.

April 13, 1967.

R. F. Adams, Brock B. Gordon and Mc-Corvey, Turner, Johnstone, Adams & May, Mobile, for appellee Redwing Carriers.

Cunningham, Bounds & Byrd, Mobile, for appellant.

W. B. Hand and Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, for appellee Cherry.

MERRILL, Justice.

This was an action for damages for wrongful death brought by Maybell Johnson, the administratrix of the estate of her husband, Norman W. Johnson, against Donald William Coker, Billy Wayne Cherry, and Redwing Carriers, Inc. (hereinafter called Redwing). The suit arose out of a motor vehicular accident involving three vehicles operated by the defendants and a fourth automobile in which plaintiff's intestate was a passenger.

The cause was tried before a jury and resulted in a judgment for the plaintiff and against the defendant Coker in the amount of $60,000. The jury further found in favor of defendants Cherry and Redwing and judgment was rendered accordingly. The plaintiff's motion for a new trial was denied and she perfected the instant appeal, the entire thrust of which is directed toward defendant Redwing.

The evidence was conflicting in certain areas, but the following facts are largely undisputed.

The accident occurred on U.S. Highway No. 43 in open country approximately one mile north of Jackson, Alabama, on November, 27, 1963 around 4:00 o'clock P.M. Highway No. 43, at the subject point, runs virtually north and south. It contains two lanes, each 10½ feet wide, or a total highway width of 21 feet. The highway from the north comes down a hill, crosses a culvert in the valley and ascends a hill to the south. The collision occurred on the north slope before the culvert was reached. Officer Ray Harrell, an Alabama Highway Patrolman who investigated the accident, testified that he took measurements to determine the point of collision. He estimated that the distance from the lowest point in the valley to the crest of the hill to the north was ⁴⁄₁₀ths of a mile and that the distance from the lowest point in the valley to the crest of the hill to the south was ²⁄₁₀ths of a mile. He further estimated that the point of the fatal impact occurred approximately 350 feet on the north slope measured from the valley.

The general manner in which the accident occurred is not disputed, though particularity with reference to the relative positions of each of the vehicles and distances separating them at any given time during the sequence of events leading to the collision is wanting at times. A Ford automobile, driven by one Adolphus McDowell with plaintiff's intestate, Norman W. Johnson, as a passenger, was being followed in the southbound lane, down the northern slope, by a Buick driven by defendant Coker. In the northbound lane, coming down the southern slope, there were two Redwing Carrier tank trucks, about 200 yards apart, and a Triumph sports car being driven by defendant Cherry. While coming down the southern slope headed north, the Triumph pulled into the southbound lane to pass the rearmost Redwing truck, completed the pass, and returned between the trucks to its proper lane of traffic. The Ford, carrying plaintiff's intestate and traveling in the southbound lane, braked somewhat and was struck from behind by the Buick, the left front of the Buick striking the right rear of the Ford. The Ford was then thrown or continued across the center line of the highway into the northbound lane of traffic. It narrowly missed the first Redwing truck, clipped the rear fender of the Triumph as the little sports car darted off the east side of the highway and collided head on with the second Redwing truck in the northbound lane of traffic. The Buick came to rest on the west shoulder of the highway. Both occupants of the Ford were killed.

The plaintiff argues two assignments of error, both dealing with charges given to the jury at the request of Redwing, the first of which was as follows:

"22. The Court charges the jury that a person confronted with a sudden emergency is not held to the same good judgment as is one who is acting under ordinary circumstances."

It is admitted that the rule in this State with reference to "sudden peril" is that one suddenly confronted by unwarned peril is not held to the same standard of care as an ordinary, reasonable and prudent man under normal conditions. The plaintiff insists, however, and correctly, that this rule may not be invoked by one who has by his own misconduct brought about the sudden peril. Alaga Coach Line v. Foy, 227 Ala. 506, 150 So. 493; Pittman v. Calhoun, 231 Ala. 460, 165 So. 391. The theory of liability as to the defendant Redwing is that its driver, James Walley, seeing that the Ford was in difficulty, and having ample time to stop or take evasive action, did nothing. The plaintiff urges that the perilous situation was of Walley's making, and that the giving of the above charge, pretermitting freedom from fault in bringing about the sudden peril was error on authority of Birmingham Ry., Light & Power Co. v. Fox, 174 Ala. 657, 56 So. 1013.

We are clear to the conclusion that there was no testimony which remotely suggests that the Redwing truck created the perilous condition. On the contrary, the evidence shows the perilous situation to have been created when the Buick struck the Ford from behind and propelled it over into Redwing's lane of traffic where the second and third collisions occurred. We find no fault with the plaintiff's statements of law, but they are simply not applicable since Redwing's driver in no manner brought about the perilous situation.

As to the plaintiff's statement in brief that the giving of the above charge was held error in Birmingham Ry., Light & Power Co. v. Fox, supra, a perusal of that case fails to reveal any consideration whatsoever of a requested charge similar to the one now subject to question. In fact, the only language in the *Birmingham Ry.* decision applicable to the instant matter supports the soundness of the given charge. The court there said:

"As a rule, one who suddenly acts wildly and madly, when unwarned peril surrounds him, is not as matter of law chargeable with contributory negligence for failing to exercise the obligations of care and prudence imposed upon a prudent man under normal and ordinary conditions as instinct would prompt him to use diligence to save his life or insure his safety, and the law wisely leaves it to the jury to determine whether or not his conduct under such circumstances amounts to negligence. * * * Of course, this rule does not obtain and cannot be invoked by one who wrongfully and voluntarily puts himself in such a dangerous position. * * *"

The record in the instant case shows that plaintiff's theory of liability against Redwing is not supported by the evidence. Only one witness (defendant Coker, driver of the Buick) testified that the Redwing truck was exceeding the speed limit of 50 miles per hour, and this estimation of speed was impeached by his own testimony that he did not have an opportunity to estimate the speed of the truck.

The testimony of the witnesses indicates that the entire sequence of events transpired in a very few seconds at most. Witness Williams, driver of the lead Redwing truck, testified that "it only took just a few seconds," and that it was just a split second between the time the Buick struck the Ford and the Ford clipped the Triumph and hit the truck head on. Witness Coker, a passenger in the Buick, testified that it was just a split second between the time the Buick hit the Ford and the Ford hit the truck. Witness Mallon, another passenger in the Buick, testified that after the Buick hit the Ford "it wasn't one-tenth of a second before the Ford hit the truck * * *."

There was evidence before the jury that had Walley, the driver of the second Redwing truck, attempted to pull off the highway to his right, his truck likely would have crushed the Triumph which was leaving the road immediately ahead. On the other hand, if he had entered the left lane, traffic coming from the north would likely have

collided with him. Then, too, the evidence tended to show that if he had braked the truck any harder, there was a possibility of it "jackknifing" in the middle of the highway.

These considerations make applicable the rule announced in Norwood Transportation Co. v. Bickell, 207 Ala. 232, 92 So. 464, where it was observed:

"It is true that the doctrine of subsequent negligence on the part of either plaintiff or defendant is not to be applied in a case where the manifestation of peril and the catastrophe are so close in point of time as to leave no room for preventive effort. * * *"

We are convinced from the evidence that the perilous situation was not of the Redwing driver's making, and that his action or non-action was within the standard of care owed by an ordinary, reasonable and prudent person under the circumstances. Therefore, the giving of the above charge was not error.

The second charge given at the request of defendant Redwing, which plaintiff claims was reversible error, was:

"33. The Court charges the jury that unless you believe from the evidence in this case that the truck driver Walley was guilty of negligence which proximately caused the damages and injuries complained of your verdict must be for the Defendant Redwing Carriers."

Appellant argues that since the one-count complaint charges that the combined negligence of all the defendants proximately caused the damage complained of, this charge was erroneous because it removed from the jury's consideration the issue of the combined negligence of all the defendants.

The charge could have been refused without error because it was based upon "belief" rather than "reasonably satisfied" from the evidence, Atlanta Life Ins. Co. v. Stanley, 276 Ala. 642, 165 So.2d 731; or under the rule that a charge, although abstractly correct, which ignores issues raised by the evidence, is properly refused. Self v. Baker, 266 Ala. 572, 98 So.2d 10; Ray v. Brannan, 196 Ala. 113, 72 So. 16. But reversible error is not committed merely by the giving of a charge that could have correctly been refused. The charge must be prejudicial to the appellant before a reversal is warranted. Supreme Court Rule 45.

We have held that while an erroneous charge given in writing is not neutralized by a correct charge, it should be interpreted in the light of the incidents of trial, including the court's oral charge, to determine if there was prejudice in giving the charge. We said that even though the charge did not state a correct principle and was a solecism, there was no prejudice in giving the charge when taken in consideration with the oral charge, though taken alone it could have been error. Western Union Telegraph Co. v. Gorman, 237 Ala. 146, 185 So. 743.

We said in International Union, Etc. v. Russell, 264 Ala. 456, 88 So.2d 175, 62 A.L. R.2d 669:

"Appellants further argue that the charge was erroneously given because it fails to instruct that punitive damages could be awarded only if the jury determined that plaintiff suffered actual damages. This argument is without merit for the subject is fully covered in the oral charge given by the judge. Such being the case, if any error existed, it is not reversible error. [Citing cases] The oral charge also cured any possible defect in plaintiff's requested Charge No. 3, given by the court."

In the instant case, the trial court fully and repeatedly instructed the jury as to concurring negligence in the oral charge. When we consider Charge 33, in connection with the court's oral charge, we cannot say that appellant was prejudiced by the giving of it.

We do not hold Charge 33 to be erroneous. It was incomplete and could have been misleading, but the remedy was to ask for an explanatory charge.

 A trial court will not be put in error where it states the law correctly but fails to instruct the jury upon a contention that some of the evidence may tend to support. The remedy where such is the situation is to ask for an explanatory charge, something which appellant failed to do. Caudle v. Birmingham Electric Co., 247 Ala. 34, 22 So.2d 417.

We find no reversible error in the giving of Charges 22 and 33.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.