285 So.2d 79

**Lloyd R. OWEN**

**v.**

**Norman Gale McDONALD and Jones Ferrell.**

**SC 313.**

Supreme Court of Alabama.

Oct. 25, 1973.

Hartwell B. Lutz, Huntsville, for appellant.

Bell, Richardson, Cleary, McLain & Tucker, and L. Tennent Lee, III, Huntsville, for appellees.

FAULKNER, Justice.

Lloyd R. Owen appeals from a judgment in favor of the defendant, Norman Gale McDonald, in a suit in the Circuit Court of Madison County, for the wrongful death of his three-year-old daughter, Deanna Jo. The suit was brought under the provisions of Title 7, § 119, Code of Alabama 1940, Recompiled 1958.

The complaint consisted of one count alleging simple negligence. McDonald pleaded the general issue and contributory negligence on the part of Mrs. Owens, for

negligently allowing the child to play in or about the street where the fatality occurred.

There is one assignment of error argued on this appeal. The error assigned is that the trial court refused to give the following written charge requested by Owens:

"22. If you are reasonably satisfied from the evidence that the defendant discovered the plaintiff's minor daughter to be in a position of peril in time to avoid injury to her by the use of reasonable care in executing all proper preventive measures and that he failed to use such reasonable care, and that such failure on his part was the proximate cause of the death of the plaintiff's minor daughter your verdict should be for the plaintiff."

The evidence as shown by the record was that on March 17, 1971, Deanna Jo Owen, age three years, was playing with her seven-year-old brother in the front yard of the Owen home on Sparkman Drive, Huntsville, Alabama. She crossed the street to a vacant lot. At some point in time she started running back toward Sparkman Drive, which runs in an east-west direction. McDonald, who was driving a pickup truck in an easterly direction along Sparkman Drive, testified that when he saw the child she was approximately 20 feet from the point of impact. She was in the area of the curb and was running in a northerly direction to cross the street. McDonald testified that he was traveling at a speed of 25 miles per hour. He immediately locked his brakes and "as I did that I knew I couldn't stop, so I released the brakes and tried to swerve . . . to the right which would be to the south . . . at that moment the truck hit the child." The mother of the child testified that she was unsure whether she saw her daughter running first or saw the truck first; that she estimated the distance of the truck from her daughter as being only a "few yards" when her daughter began to run. Another witness, Mrs. Pinson, testified that the whole thing happened "very quickly" and that the truck was there as the child "hit the street." "I was looking at her and about the time she hit the street the truck was there." There is no conflict of evidence as to the closeness of McDonald's truck to the point of impact as the child ran out on the street. There was no evidence introduced directly or indirectly from which an inference could be drawn that had McDonald attempted to swerve to his left, gone straight, or swerved in any other direction, he would have been able to avoid striking the child. No evidence was introduced that McDonald could have stopped the truck within a few feet after the child came into a position of peril discovered by McDonald. There was no evidence that McDonald did or did not blow his horn when he saw the child in the vicinity of the curb running toward the street, although the trial court did charge the jury on the provisions of Title 36, § 58(17), Code of Alabama 1940, Recompiled 1958.[1]

Under our system of pleading, subsequent negligence can be the basis of recovery under a count charging simple negligence. Shepherd v. Johnson, 268 Ala. 69, 104 So.2d 755 (1958); Lemons v. Allison, 265 Ala. 347, 91 So.2d 236 (1956). However there must be some evidence requiring an instruction on subsequent negligence. In Scotch Lumber Company v. Baugh, 288 Ala. 34, 256 So.2d 869 (1972) this court held that:

" 'It is well established in this jurisdiction that in order to predicate liability for subsequent negligence, the defendant must be shown to have had actual knowledge of the plaintiff in a perilous

---

1. "§ 58(17). Drivers to exercise due care to avoid pedestrians.—Notwithstanding the foregoing provisions of sections 58(14) to 58(16) every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway. . . . "

position, and therefore negligently failed to use all the means at his command and known to skillful engineers, so circumstanced, to avert damage to the plaintiff, when to have promptly and duly used such means could have averted the accident.' "

In this case we apply the rule set out in Norwood Transportation v. Bickell, 207 Ala. 232, 92 So. 464 (1922). The doctrine of subsequent negligence on the part of the plaintiff or defendant is not to be applied in a case where the manifestation of peril and the catastrophe are so close in point of time as to leave no room for preventive effort. Johnson v. Coker, 281 Ala. 14, 198 So.2d 299 (1967).

We can find no evidence in the record that would have required the giving of the requested written charge.

Affirmed.

HEFLIN, C. J., and MERRILL and HARWOOD, JJ., concur.

MADDOX, J., concurs in the result.