This case is before the Court on appeal from the trial court's decree denying plaintiff's motion for new trial. Plaintiff assigns as reversible error the trial court's refusal to charge the jury on the doctrine of subsequent negligence; refusal to admit testimony concerning the position of the light switch in the plaintiff's wrecked automobile and the effect of connecting the battery cable on the proper terminal; and the trial court's allowance of defendant's cross-examination of a state trooper regarding the accident report. For the reasons stated below, we affirm.
This action stems from a motor vehicle accident which occurred on the night of May 24, 1978, on Howell's Ferry Road in Mobile County. At the time of the accident, the plaintiff's automobile was stopped in the wrong lane of Howell's Ferry Road and the plaintiff, Russell Allan Plenkers, was attempting to refasten his hood that had blown off. In his effort to secure the hood, the plaintiff, apparently standing in front of the only working headlight on his vehicle, was injured by the defendant, James H. Chappelle, Jr., who claimed that he noticed the plaintiff's peril too late to avoid hitting the plaintiff's car.
At the trial, Chappelle admitted that on the night of the accident, there was neither fog nor physical obstructions which would have obscured his vision; but he also testified that Howell's Ferry Road was a very dark road without any traffic lights or street lights. At the time of the accident, approximately 11:45 p.m., the defendant was driving a 1970 Ford Maverick and traveling at a speed of approximately 45-50 miles per hour in a 55 mile-per-hour zone. He testified that both headlights on his car worked and that to the extent he knew, both headlights were properly aimed. He further testified that with his headlights on low beam, the illumination power, in his best judgment, was about 30 feet. *Page 43 
At the time of the accident, Chappelle testified that he was observing the roadway in front of him and that he was keeping a proper lookout but that he did not observe anything in the road before he suddenly saw the headlight. Moreover, the defendant denied that he was feeling or otherwise manifesting signs of being sleepy at any time during his drive home that night. The defendant did testify that at the time of the impact he thought he saw a silhouette of the plaintiff Plenkers standing just to the left of the headlight on the driver's side of the plaintiff's car, but he was not sure exactly where.
Plaintiff's counsel attempted to elicit evidence at the trial from several witnesses concerning an experimentation with the working parts of Plenkers's automobile on the day after the accident. The trial court judge refused to admit their testimony to the effect that the light switch inside Plenkers's automobile was in the "on" position and that when the disconnected positive side battery cable was reconnected to the proper battery terminal, one of the headlights became operative.
One of plaintiff's witnesses, Alabama state trooper Steve Silveira, testified that, based on his investigation of the accident, at the time of the accident, one of the headlights on plaintiff's vehicle had not been operative for some period of time. On direct examination, plaintiff's counsel questioned the state trooper extensively regarding the diagram portion of the witness's accident report. On cross-examination of trooper Silveira, defense counsel, despite objection by plaintiff's counsel, was allowed to question the state trooper regarding the entries made on his accident report during his investigation of the facts and circumstances surrounding the accident.
 The Trial Court's Refusal to Give the Written Jury Charge on Subsequent Negligence
At the close of all the evidence, fourteen written requested charges were submitted to the trial court by the appellant. Requested charge number four concerned the issue of subsequent negligence or "last clear chance." The charge reads:
 "In addition to simple negligence, the plaintiff claims that the defendant was also guilty of subsequent negligence.
 "Under the doctrine of subsequent negligence, irrespective of the negligent acts of a plaintiff in putting himself in a position of danger, he may recover against a defendant who fails to use reasonable and ordinary care in avoiding the accident after such defendant discovered the perilous position of the plaintiff. A defendant is not liable where an emergency is so sudden that there is no time to avoid the accident or where a defendant did not have actual knowledge that the plaintiff was in a position of danger.
 "In order for defendant to be liable for subsequent negligence, the plaintiff must reasonably satisfy you from the evidence:
"that the plaintiff was in a perilous position;
 "that the defendant had actual knowledge that the plaintiff was in a position of danger;
 "that the defendant with such knowledge negligently failed to use reasonable and ordinary care in avoiding the accident;
 "that to have used such reasonable and ordinary care would have avoided the accident;
 "and that the plaintiff was injured or damaged as a proximate result of the defendant's subsequent negligence."
With regard to subsequent negligence, the Court has held that "[u]nder our system of pleading, subsequent negligence can be the basis of recovery under a count charging simple negligence.However, there must be some evidence requiring an instructionon subsequent negligence." (Citations omitted.) (Emphasis added.) Owen v. McDonald, 291 Ala. 572, 574, 285 So.2d 79
(1973). Elements essential for a prima facie showing of subsequent negligence were reiterated in Scotch Lumber Co. v.Baugh, 288 Ala. 34, 256 So.2d 869 (1972):
 "It is well established in this jurisdiction that in order to predicate liability for *Page 44 
subsequent negligence, the defendant must be shown to have had actual knowledge of the plaintiff in a perilous position, and thereafter negligently failed to use all the means at his command and known to skillful engineers, so circumstanced, to avert damage to the plaintiff, when to have promptly and duly used such means could have averted the accident. Young v. Woodward Iron Co., 216 Ala. 330, 113 So. 223; Wood v. Northern Alabama Ry. Co., 22 Ala. App. 513, 117 So. 495; Emmett v. Alabama Great So. Ry. Co., 226 Ala. 310, 146 So. 811; Beavers v. Southern Ry. Co., 212 Ala. 600, 103 So. 887."
288 Ala. at 40, 256 So.2d 869. Hence, both "actual knowledge of [a party] in a perilous position," and the subsequent negligent failure of a driver "to use all the means at his command and known to skillful [drivers] . . . to avert damage" are requisite to a prima facie showing of subsequent negligence.
The appellant does attempt to establish that appellee had knowledge of the appellant's peril by inference, but appellant did not address the second element of subsequent negligence, nor did he introduce evidence at trial indicating that the appellee had reasonable opportunity and necessary time to avert the accident by use of due care. In Owen v. McDonald, 291 Ala. 572,575, 285 So.2d 79 (1973), the Court held: "The doctrine of subsequent negligence on the part of the plaintiff or defendant is not to be applied in a case where the manifestation of peril and the catastrophe are so close in point of time as to leave no room for preventative effort." In Owen, the plaintiff was not discovered to be in peril until the defendant, who was traveling approximately twenty-five (25) miles per hour, was approximately 20 feet from the point of impact. Similarly, the uncontradicted evidence in this case shows that, in appellee's best judgment, his own headlights on low beam illuminated the roadway approximately thirty (30) feet ahead; he first saw appellant's headlight approximately fifty to fifty-five (50-55) feet ahead, at which time he was traveling forty-five to fifty (45-50) miles per hour in a fifty-five (55) mile-per-hour speed zone. The Court, in Owen, found:
 "There was no evidence introduced directly or indirectly from which an inference could be drawn that had McDonald attempted to swerve to his left, gone straight, or swerved in any other direction, he would have been able to avoid striking the child. No evidence was introduced that McDonald could have stopped the truck within a few feet after the child came into a position of peril discovered by McDonald."
291 Ala. at 574, 285 So.2d 79.
The appellant in the instant case failed to introduce evidence even suggesting that the appellee could have swerved or stopped within the 55-foot span to avoid this mishap. Further, the record shows that appellee slammed on his brakes upon discovering the appellant's peril, but the impact was virtually instantaneous. This Court has made it plain that "[w]hile it is the duty of the jury to try the facts and apply those facts to the law, it is the duty of the [c]ourt to determine questions of law, to declare the law, and to direct the application of the law to the facts." McArdle v. State, 408 So.2d 491, 493
(Ala. 1981). Therefore, since the appellant, as a matter of law, failed to establish a prima facie case of subsequent negligence, the trial court judge did not commit reversible error in refusing to charge the jury on the doctrine of subsequent negligence.
 Testimony Concerning the Position of the Automobile Headlight Switch and the Battery Cable Experiment
The appellant contends that the trial court abused its discretion in refusing to admit testimony regarding the position of the headlight switch and an experiment regarding the effect of placing the battery cable on the proper terminal on the day following the accident.
The admissibility of out-of-court experiments is committed to the sound discretion of the trial court judge, and the *Page 45 
exercise of such discretion will not be reversed except for gross abuse. Alonzo v. State ex rel. Booth, 283 Ala. 607, 610,219 So.2d 858 (1969); Helton v. Easter, 41 Ala. App. 648, 654,148 So.2d 486 (1962); Gamble, McElroy's Alabama Evidence, § 81.01 (3) (3d Ed. 1977). Moreover, before a trial court may consider the admissibility of an experiment, a predicate or test of "reasonable or substantial similarity" must be satisfied by the proponent of the experimental evidence. As the Alabama Court of Civil Appeals has expressed:
 "There must be similarity of conditions and circumstances at the time of a test as compared to the time of the event charged for the results of such test to have sufficient probative value for admission into evidence. It is for the court to determine whether conditions are sufficiently similar to warrant admission of such evidence. Much is left to the discretion of the trial court."
Burgess Mining Const. Corp. v. State ex rel. Baxley,55 Ala. App. 61, at 67, 312 So.2d 842 (Ala.Civ.App. 1975).
After reviewing the record and facts of this case, we cannot hold that the trial judge's ruling to exclude this evidence was an abuse of his discretion. The trial judge ruled that the appellant would be allowed to introduce testimony regarding collision damage to appellant's automobile observed by witnesses the day following the accident. The trial court judge properly sustained appellee's objections to testimony regarding matters not involved with the collision damage, and for which no proper predicate had been laid, specifically, the position of the headlight switch and the effect of placing the battery cable on the proper terminal on the day following the accident. Consequently, in view of the discretion afforded the trial court in determining the probative value and admissibility of appellant's evidence, this Court finds that the trial court judge did not commit reversible error; he acted within the bounds of sound discretion in refusing to admit testimony of appellant's witnesses concerning the position of the headlight switch and the working condition of one of appellant's headlights.
 Testimony Concerning the Accident Report
The final issue to be addressed is whether the trial court in permitting cross-examination of state trooper Steve Silveira concerning matters contained in his accident investigation report, committed reversible error.
The automobile accident report of an investigating officer is not admissible into evidence because it does not come under the business records exception to the hearsay rule. Vest v. Gay,275 Ala. 286, 154 So.2d 297 (1963); Gamble, McElroy's AlabamaEvidence, § 254.01 (8) (3d Ed. 1977). The record in this case discloses that appellant's attorney asked the witness several questions regarding a diagram drawn by him and included in his accident report. The same diagram was admitted into evidence at the trial as plaintiff's exhibit # 19. Since appellant initially introduced this portion of trooper Silveira's report, counsel for appellee was entitled and justified, by virtue of the doctrine of curative admissibility, to cross-examine trooper Silveira about matters relevant to the diagram portion of his accident report. See Nellis v. Allen, 268 Ala. 259, 261,105 So.2d 659 (1958); Wilkinson v. Duncan, 294 Ala. 509, 512,319 So.2d 253 (1975); Kroger Company v. Puckett, 351 So.2d 582,588 (Ala.Civ.App. 1977); See generally Gamble, McElroy'sAlabama Evidence § 15.01 (3d Ed. 1977). The rule of curative admissibility is nonetheless applicable even though appellee failed to object to the appellant's initial questioning of the trooper and the introduction of the accident diagram. SeeCunningham v. Lowery, 45 Ala. App. 700, 236 So.2d 709 (1970); Gamble, McElroy's Alabama Evidence, § 14.01 (3d Ed. 1977).
For the reasons stated above, we affirm the judgment of the trial court.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur. *Page 46