This case involves a claim for damages for injuries resulting from an automobile collision.
First Avenue North in Birmingham, Alabama, is a five-lane street consisting of two east-bound lanes, two west-bound lanes and a center turn lane.
The plaintiff, Carol P. Harris, was driving east in the far right lane, and the defendant, Dora Stubbs Meadows, was in the center lane facing west, preparing to turn left. As Harris neared Meadows, Meadows began to turn in front of Harris. Harris testified that she blew her horn, applied her brakes, and "moved over to the right a little bit." Meadows's vehicle then collided with the left side of Harris's vehicle in the area of the front fender and driver's door. As a result of the collision, Harris suffered a cervical sprain and a contusion, or bruise, to her left hip.
Harris's complaint contained counts alleging that the collision was a result of negligent and wanton conduct on the part of Meadows. The wanton count was dismissed upon a motion by Meadows at the close of all the evidence.
At trial Meadows admitted that she was guilty of negligence but contended that Harris should not recover because Harris was guilty of contributory negligence. Harris appeals from a judgment on the jury's verdict for Meadows, and a denial of her motion for a new trial.
Harris argues that the judgment should be reversed because the verdict upon which it is based is unsupported by facts and is contrary to law.
A jury verdict is presumed correct and will not be set aside unless it is without supporting evidence or is so contrary to the evidence as to render it wrong and unjust. Where the jury verdict is not plainly erroneous, we cannot consider other possible conclusions that might have been reached. Kent v.Singleton, 457 So.2d 356 *Page 375 
(Ala. 1984); Files v. Schaible, 445 So.2d 257 (Ala. 1984);Goodson v. Elba Baking Co., 408 So.2d 498 (Ala. 1981).
In reviewing the record we note the following testimony by Harris:
 "Q. How far from her vehicle would you say you were when you really came down on your brakes in an attempt to stop?
 "A. I didn't really come down on my brakes in an attempt to stop. I slowed down to see that maybe she could get on across there and not hit me. But that was not possible. She was already on me at that point.
 "Q. Did you make any attempt to put on your brakes and come to a stop and let this lady turn in front of you to go into Kelly's?
"A. There wasn't time.
 "Q. But you never did come down hard on your brakes, lock your brakes, skid, and attempt to stop. You were going to see if she had time to come in front of you?
 "A. There was not time to make all those decisions. I just slowed down thinking she would see me coming at that point and stop her turn.
 "Q. Did you ever try to mash your brakes to the floor to try to stop your vehicle to keep from hitting the Chevrolet that was turning in front of you?
"A. No, sir."
We are of the opinion that there was sufficient evidence before the jury for it to conclude that Harris was guilty of contributory negligence in failing to act reasonably under the circumstances to avoid the collision. This case is perhaps illustrative of the harshness of the contributory negligence doctrine, a doctrine which, like the scintilla evidence rule, seems to be firmly established in our jurisprudence.
There appearing no reversible error, the judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, SHORES and HOUSTON, JJ., concur.