Mid-Continent Refrigerator Company ("Mid-Continent") filed a suit to recover from Fulton Grocery, Inc., on a contract to purchase commercial refrigeration equipment and to recover from Mildred L. Paris and Bobby J. Hall on their personal guaranties of that contract. The defendants defended on a claim that Mid-Continent had breached implied and express warranties and on a claim of misrepresentation. Fulton Grocery counterclaimed for breach of implied and express warranties and for misrepresentation. *Page 1223 
Mid-Continent appeals from an adverse judgment based on a jury verdict. The issues presented are whether the jury's verdict was against the great weight of the evidence and whether it was reversible error to admit, over objection, testimony of a witness as to his experience with refrigeration equipment purchased from Mid-Continent.
Upon review, we presume that a jury's verdict was correct; we review the tendencies of the evidence most favorably to the prevailing party; we indulge such reasonable inferences as the jury was free to draw from the evidence; and we will not overturn a jury verdict unless the evidence against the verdict is so much more credible and convincing to the mind than the evidence supporting the verdict that it clearly indicates that the jury's verdict was wrong and unjust. Harris v. Meadows,477 So.2d 374 (Ala. 1985); S.S. Steele Co. v. Pugh, 473 So.2d 978
(Ala. 1985); Strait v. Vandiver, 472 So.2d 1034 (Ala. 1985);Kent v. Singleton, 457 So.2d 356 (Ala. 1984).
The jury heard all of the evidence, including the amount paid by Fulton Grocery as a down payment on the equipment; the many problems encountered with the equipment; the failure of Mid-Continent to honor its warranties and to repair the equipment; the losses, both in time and money, suffered by Fulton Grocery and Ms. Paris because of the problems with the equipment. The jury could logically infer therefrom that Mid-Continent breached its contract with Fulton Grocery and that Fulton Grocery was not liable on that contract, and, therefore, that Ms. Paris and Mr. Hall, as individual guarantors of Fulton Grocery's performance of that contract, were not liable. The trial court charged that the breach of warranty by Mid-Continent would be a defense to its claim against the defendants. This was not objected to by any party. The evidence against this verdict is not so much more credible and convincing to the mind of this Court than the evidence supporting the verdict that it clearly indicates that the jury's verdict was wrong and unjust. This issue is without merit.
Over the continuing objection of Mid-Continent the trial court allowed James Warwick to testify about his experience in purchasing, and about the performance of, a refrigeration unit similar to one of the units purchased by Fulton Grocery from Mid-Continent. Warwick purchased his unit approximately a year before Fulton Grocery purchased its units. Warwick's and Fulton Grocery's units were pictured and described in the same sales brochure, which went to the jury as an exhibit. The same agent for Mid-Continent sold Warwick and Fulton Grocery their units. The unit Warwick purchased was for keeping vegetables cool. One unit purchased by Fulton Grocery was a multi-purpose unit for keeping vegetables in one end and dairy products and lunch meats in the other end. There was evidence that the vegetable end of the unit purchased by Fulton Grocery was practically the same as the unit purchased by Warwick. Both units were supposed to have an automatic temperature control, but that control did not work on either unit. The units were equipped with automatic defrost features and both encountered the same or similar problems with this feature. The problems encountered by Warwick and some of the problems encountered by Fulton Grocery were similar. Both units were sold for use in convenience stores and were so used.
The trial court allowed Warwick's testimony on authority of C. Gamble, McElroy's Alabama Evidence, p. 188, § 83.07 (3d ed. 1977):
 "§ 83.07 Admissibility of evidence of the quality, condition or capacity of similar things manufactured or sold by the defendant
 "When the plaintiff sues the defendant for selling or manufacturing a product which is less than it was represented to be, the plaintiff may introduce evidence that others bought the same product and, under similar circumstances, had the same substandard results. It would likewise be permissible for the defendant to introduce evidence that others, under similar circumstances, purchased the product and used it successfully. The *Page 1224 
defendant may not, however, introduce evidence that others to whom he sold the same or similar products had not made complaint. The primary condition for the admission of any evidence of this nature is a showing that the others used the same or similar products under similar circumstances."
The rule stated in McElroy's is essentially the same as the general rule stated in 29 Am.Jur.2d Evidence § 302 (1967):
 "Evidence of the condition of other objects and appliances is not ordinarily admissible upon an issue as to a defect in a particular object or appliance. However, where the objects or appliances are similar, and the use thereof is not so materially different as to introduce collateral issues, evidence of the condition of such objects or appliances is admissible upon an issue as to a defect in a particular object or appliance. For example, the capacity, efficiency, excellence, or compliance with warranty of an article, machine, or apparatus, or defects, unfitness, inferiority, or the failure to comply with a warranty thereof, may be shown by evidence comparing it with a similar article, machine, or apparatus, where the similarity is sufficient to give it probative value and other circumstances as to place, care and use are not so materially different as to introduce collateral issues."
The similarity was sufficient to give Warwick's testimony probative value; and other circumstances as to place, care, and use were not so materially different as to introduce collateral issues.
Mid-Continent had the opportunity to fully cross-examine Ms. Paris and Mr. Warwick as to any differences in the use and operation of the equipment. The jury had pictures of both refrigeration units. The jury could give what weight it felt should be given to Warwick's testimony. The problems pointed out in Mid-Continent's brief relate more to the weight of Warwick's testimony than to its admissibility. The trial court did not err in admitting this testimony.
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.