ON APPLICATION FOR REHEARING
MADDOX, Justice.
On application for rehearing, appellant makes the same argument made on original deliverance, that the trial court improperly instructed the jury on the doctrine of “sudden emergency,” and strongly insists that the trend in the country is to restrict or abolish the “sudden emergency” instruction. We have re-examined this case in view of appellant’s insistence, but we are not persuaded that the judgment initially entered is due to be set aside.
Appellant additionally argues that, even assuming that the giving of the “sudden emergency” instruction was not prejudicial, the great weight of the evidence in this case requires this Court to set aside the jury’s verdict and order the trial court to grant a new trial. Clearly, an appellate court can determine that a jury verdict is against the great weight of the evidence and order a new trial, but we do not think that this is the case in which to issue such an order. In most cases, the requests for new trials come from defendants who claim that there is either insufficient evidence to support the jury’s verdict, or that the jury verdict is against the great weight and preponderance of the evidence. The rule of review does not change depending on whether the appellant is a plaintiff or is a defendant. In Campbell v. Burns, 512 So.2d 1341 (Ala.1987), a jury awarded the plaintiff, a pedestrian, $135,000 for his injuries. In that case there was evidence that the plaintiff was on a road at a point where he was required by law to yield the right-of-way to all vehicles upon the roadway, and that the plaintiff, “[b]y his own admission ... had been drinking alcoholic beverages,” and there was expert testimony that showed his blood alcohol level to have been .298%. This Court stated the rule of review as follows:
“Upon review of a jury verdict, we presume that the verdict was correct; we review the tendencies of the evidence most favorably to the prevailing party; and we indulge such reasonable inferences as the jury was free to draw from the evidence. We will not overturn a jury verdict unless the evidence against the verdict is so much more credible and convincing to the mind than the evidence supporting the verdict that it clearly indicates that the jury’s verdict was wrong and unjust. Mid-Continent Refrigerator Co. v. Fulton Grocery, Inc., [503 So.2d 1222 (Ala.1987)].”
512 So.2d at 1343.
The Court then stated the following:
“There was sufficient evidence for the subsequent negligence issue to go to the jury. As an appellant court, we have neither the right nor the inclination to say whether we would have decided this case differently. The facts are to be determined by the jury and not by us. The evidence against the verdict is not so much more credible and convincing to the mind than the evidence supporting the verdict that it clearly indicates that the jury’s verdict was wrong and unjust.”
512 So.2d at 1344.
As in that case, we are not persuaded that the evidence against the verdict clearly shows that it is wrong and unjust. The application for rehearing is due to be overruled.
OPINION EXTENDED; APPLICATION OVERRULED.
HORNSBY, C.J., and ALMON, SHORES, HOUSTON and STEAGALL, JJ., concur.
JONES and ADAMS, JJ., dissent.