JONES, Justice.
The City of Birmingham appeals from a judgment entered on a jury verdict in favor of the plaintiff, Johnnie L. Hale. We affirm.
Lt. Tommy Hale was a paramedic/firefighter employed by the City of Birmingham Fire and Rescue Service (“Department”). Lt. Hale and firefighter Ranee Jordan were assigned to Rescue Unit 32, which operated from Station 32 on Highway 280 south of Birmingham near the Jefferson-Shelby County line.
On June 23, 1988, Engine 32 and Rescue Unit 32 responded to a call regarding a brushfire in a wooded area near Lake Pur-dy, south of Birmingham. Hale was dressed in full “turn-out” gear, as were all of the other members of Station 32.[1] “Turn-out gear” is the term that describes the full set of heavy protective clothing (helmet, coat, gloves, pants, and boots) that all members of the Department are required to wear at the scene of a fire. This requirement was part of the policies and guidelines adopted by the Department in February 1988.
Lt. Gene Northington, the commander of Engine 32 and the incident commander at the brushfire, talked with Hale at the scene of the brushfire and learned that Hale was going to a fire rake to try to keep the fire from spreading across a dirt road in the *785 area. Northington saw Hale again after about 30 minutes, at which time they discussed the location of the fire and how best to fight it. They also discussed the path the fire might take and their desire to keep it from spreading east in the direction of the Glenwood Mental Health School. Hale told Northington he would check along the dirt road and see where the fire was located. Northington returned to where Engine 32 was parked and did not see Hale alive again.
Approximately 20 minutes later, North-ington returned to where he had last talked with Hale, but did not see him. When firefighter Jordan also returned to the area and told Northington that he had not seen Hale, Northington began a search for Hale. Hale’s body, still in full turn-out gear, was found at the bottom of a 20-foot deep ravine, approximately 600 yards from the area where he had told Northington he would check on the progress of the fire. An autopsy revealed that the cause of Hale’s death was a heat stroke.
Lt. Hale’s widow, Johnnie L. Hale, as administratrix of Lt. Hale’s estate, sued the City of Birmingham, pursuant to Ala. Code 1975, § 25-6-1 et seq., the Alabama Employer’s Liability Act. She alleged that Lt. Hale’s death was caused by the negligent establishment, promulgation, publication, and enforcement of an order of the Department requiring firefighters to wear full “turn-out equipment” at all times while fighting a fire. Mrs. Hale also alleged that Lt. Hale’s expected and foreseeable compliance with the Department’s order burdened him with excessive and foreseeably unhealthy equipment, which, in combipation with the 90-degree temperature on June 23, 1988, caused Lt. Hale to suffer a heat stroke and to die.
The City, in its answer, denied the allegations of the complaint and pleaded the affirmative defenses of contributory negligence and assumption of risk. After a jury trial, the court denied the City’s motion for directed verdict at the close of all the evidence, and the jury returned a verdict in favor of Mrs. Hale for $384,000, upon which the trial court entered its judgment. The trial court also denied the City’s post-judgment motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. The City appeals.
The City first argues that the trial court erred in not granting its motion for directed verdict and its motion for JNOV, because, it contends, Mrs. Hale failed to present evidence sufficient to support any allegation of negligence by the Department. We disagree.
“The standard of review applicable to a motion for JNOV is identical to the standard used by the trial court in granting or denying a directed verdict motion initially. Turner v. Peoples Bank of Pell City, 378 So.2d 706 (Ala.1979). Granting a motion for JNOV is proper ‘only where there is a complete absence of proof on a material issue or where there are no controverted questions of fact on which reasonable people could differ’ and the moving party is entitled to judgment as a matter of law. Deaton, Inc. v. Burroughs, 456 So.2d 771 (Ala.1984).”
Alpine Bay Resorts, Inc. v. Wyatt, 539 So.2d 160, 162 (Ala.1988).
We have thoroughly reviewed the record here, in a light most favorable to Mrs. Hale, the nonmoving party — see City of Mobile v. Dirt, Inc., 475 So.2d 503 (Ala.1985) — to determine whether the evidence supports any inference in favor of her claims. Adams v. Travelers Ins. Co., 494 So.2d 401 (Ala.1986). We conclude that the trial court correctly denied the City’s motions for directed verdict and JNOV.
According to the testimony of Lt. North-ington, because Station 32 reported to the scene of a fire, he was the officer in charge, and he said he used the “guidelines to fight the fire.” In addition to having read the 1988 Department guidelines and being responsible for communicating and enforcing these policies at Station 32, Lt. Northington had been told by his battalion chief that firefighters were to wear “full turn-out gear” at all fires.
Lt. Northington also stated that he had been told by his battalion chief that “the rumor was that if we got hurt in a fire and didn’t have on our ‘full turn-out gear’ that we would not receive or probably would not receive TWP’ or ‘injured with pay’ [status].” He further testified that he “would *786 ... like to have been able to allow” members of his crew to wear less than full turn-out gear when they were fighting the brushfire on June 23, 1988, but that he understood the “full turn-out gear” requirement to be an inflexible rule.
Dr. Robert Brissie, chief coroner and medical examiner for Jefferson County, performed the autopsy on Lt. Hale’s body. Dr. Brissie testified that full turn-out gear would cause a problem with the body’s heat elimination process, which, in turn, could bring on the potential for overheating and heat stroke. He also stated that mental confusion is one of the symptoms of overheating and heat stroke.
Chief Otis Neal Gallant, the Department’s highest ranking officer at the time of Lt. Hale’s death, testified that he has become aware of confusion among the Department’s firefighters regarding the correct degree of compliance with the requirement of “full turn-out gear” at every fire. Finally, Chief Charles Hopkins, the Department’s safety officer, testified that the training manual of the International Fire Service Training Association warns of a greater potential for fatigue and exhaustion when a firefighter performs activities in “full turn-out gear.”
This evidence, presented at trial and reviewed by this Court, clearly supports the trial court’s denial of the City’s motions for directed verdict and for JNOV. There was not a “complete absence of proof” as to the material issues raised by Mrs. Hale’s complaint, and there were “controverted questions of fact on which reasonable people could differ” regarding those issues {Alpine Bay Resorts); therefore, the City’s sufficiency-of-the-evidence attack on the judgment is without merit.
The City’s alternative motion for new trial, based upon a weight-of-the-evidence ground, is likewise without merit. It is without question that a jury verdict, if supported by the evidence, is presumed to be correct, the reviewing court allowing “all reasonable presumptions as to the verdict’s correctness” and viewing the evidence and all possible inferences therefrom in a light most favorable to the non-moving party — here, Mrs. Hale. Stokes v. Long-Lewis Ford, Inc., 549 So.2d 51, 52 (Ala.1989). Indeed, a judgment based upon a jury verdict and strengthened by the trial court’s denial of a post-judgment motion for a new trial “will not be reversed on a weight-of-the-evidence ground unless it is ‘plainly and palpably’ wrong. Ashbee v. Brock, 510 So.2d 214 (Ala.1987).” Alpine Bay Resorts, supra, 539 So.2d at 162. See, also, Jawad v. Granade, 497 So.2d 471 (Ala.1986).
From our review of the record, we cannot agree with the City’s arguments that its evidence was “so much more credible and convincing to the mind than the evidence supporting the verdict” for Mrs. Hale. There is, therefore, nothing to clearly indicate that the verdict here, and the judgment entered thereon are “wrong and unjust.” Campbell v. Burns, 512 So.2d 1341, 1343 (Ala.1987). Thus, the trial court’s denial of the City’s motion for a new trial was not “plainly and palpably” wrong. This Court has “neither the right nor the inclination to say whether we would have decided the case differently. The facts are to be determined by the jury and not by us_” Id., at 1344.
As a further ground for its alternative motion for new trial, the City alleged that the jury’s verdict was the product of speculation, prejudice, and sympathy. The City, however, has failed to point to any evidence in the record to support its allegations that the jury verdict was based upon any improper motive. We hold, therefore, that the trial court properly denied the motion for new trial. See Michael v. Gunnin Pulpwood, Inc., 533 So.2d 588 (Ala.1988).
For the forgoing reasons, we conclude that “it is easily perceivable from the record that the jury verdict is supported by the evidence.” Jawad v. Granade, supra, 497 So.2d at 477. The judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ„ concur.

. Testimony at the trial indicated that because of the size and location of Station 32, Rescue Unit 32 normally responded with Engine 32 on all calls to that station.